**STATE ex rel. INDUSTRIAL SERVICES CONTRACTORS, INC., et al., Appellants,**

v.

**COUNTY COMMISSION OF JOHNSON COUNTY, Missouri, et al., Respondents.**

No. 78454.

Supreme Court of Missouri, En Banc.

March 26, 1996.

Bruce A. Bailey, Lance A. Riddle, Warrensburg, for appellants.

Mary Ann Young, Pros. Atty., Johnson County, Warrensburg, for respondents.

COVINGTON, Judge.

Appellants Industrial Services Contractors, Inc., a not-for-profit corporation that operates the Johnson County sheltered workshop, the Johnson County Board of Services for the Developmentally Disabled (board), and Lorena Maxin Dorr, appeal from an order dismissing their action against the County Commission of Johnson County (commission) and the three elected commissioners in their representative capacities. Appellants petitioned for a determination regarding language used by the commission in a 1982 ballot issue. They sought to invalidate the election and a consequent property tax. Additionally, they sought a preliminary writ of mandamus compelling respondents to certify a tax levy amount sought by the board. The trial court dismissed appellants' action. Affirmed.

Two ballot issues concerning a property tax levy for the purpose of establishing and maintaining a sheltered workshop, under authority of sections 205.968 through 205.972, RSMo 1978, precede this action. The first, which took place on November 7, 1978, is not contested by appellants. On April 6, 1982, the sheltered workshop tax issue again appeared on the ballot. The 1982 ballot read as follows:

Shall Johnson County establish and maintain a Sheltered Workshop (and) (or) residence facility for handicapped persons, and for which the county may levy a tax not to exceed 20¢ on each one hundred dollars of assessed valuation thereof.

The voters assented.

Commencing in 1978, the governing legislative body of Johnson County, now the county commission, set the amount of the sheltered workshop tax levy. In August of 1995, the board, an entity created pursuant to section 205.970.1, RSMo 1978, to which exclusive administrative control and management of the sheltered workshop is charged, section 205.970.2, RSMo 1978, alleges[1] that it asked the commission to set the levy at sixteen cents per one hundred dollars of assessed

value. The Johnson County Commission set the amount of the levy at six cents.

In their two-count petition, appellants asked the trial court to find that the 1982 ballot language deviated substantially from the language of section 205.972, which, they contend, sets forth the ballot language that must be submitted to voters. Appellants sought a declaration that the election results of 1982 were invalid and without legal effect because of the deviation. Appellants also asked the trial court to order the commission to certify the board's suggested sixteen cent levy.

The trial court held that the challenge to the validity of the ballot language constituted an election contest, barred by a thirty-day statute of limitations. § 115.577, RSMo 1994. Further, the court found that the 1982 ballot was sufficiently clear and not a substantial deviation from the statutory ballot form contained in section 205.972. The court found that, although section 205.970 confers upon the board exclusive authority to administer and maintain the sheltered workshop, the statute grants the board no authority to set the levy.

Raising three points of trial court error, appellants claim: (1) their action is not an election contest; (2) because the 1982 ballot language deviates substantially from the statutory language of section 205.972.2, RSMo 1978, the election unlawfully enhanced the commission's power in violation of the sheltered workshop statutes and the due process guarantees of the Missouri Constitution; and (3) the board of services, not the county commission, has the authority to establish the amount of the tax levy.

The Comprehensive Election Act of 1977 provides the exclusive procedure for the prosecution of election contests. The act requires that a contestant commence an action in the appropriate circuit court "[n]ot later than thirty days after the official announcement of the election result by the election authority." § 115.577. Appellants

---

1. Whether the sixteen cent tax levy was ever requested or proposed by the board is in dispute. In their petition, appellants allege that on August 20, 1995, the board formally requested the levy.

This allegation was denied in an affidavit submitted by respondents with their motion to dismiss. Neither party sought a factual determination from the trial court on this issue.

commenced the present action more than thirteen years after the results of the election were certified; therefore, if appellants' action is an election contest, it is barred by the limitation period.

Disposition of the question of whether the challenge to the 1982 ballot constitutes an election contest is controlled by *Beatty v. Metropolitan St. Louis Sewer Dist.*, 700 S.W.2d 831, 838 (Mo. banc 1985), in which this Court stated the following:

> An election contest properly encompasses those issues which affect the conduct and outcome of an election. The wording of the proposition on a ballot and the propriety of the notice of election are issues cognizable only in an election contest.

*See also McCollum v. Director*, 906 S.W.2d 368, 369 (Mo. banc 1995).

Appellants challenge the wording of the proposition. At the time of the relevant elections in the present case, November 1978 and April 1982, the statutes required that the tax not exceed "two mills per dollar of assessed valuation upon all taxable property." § 205.971, RSMo 1978.[2] The statute directs the manner in which the tax issue is to be submitted to the voters:

> The question shall be submitted in substantially the following form:

### OFFICIAL BALLOT

Shall.... (name of county or city not within a county) establish (and) (or) maintain a sheltered workshop and residence facility for handicapped persons, and for which the county or city *shall levy a tax of* ... *(insert exact amount to be voted upon)* cents per each one hundred dollars assessed valuation therefor?

§ 205.972.2, RSMo 1978 (emphasis added). Appellants point out that the language of the 1982 ballot differs in two respects from the statute. First, the 1982 language substitutes the word "may" for the word "shall" before "levy a tax" in the highlighted phrase. Second, the language of the 1982 ballot arguably

does not indicate an "exact amount" to be voted on; instead, it provides a maximum rate of twenty cents on each one hundred dollars of assessed value. The focus of appellants' challenge is undeniably upon wording; the challenge, therefore, constitutes an election contest. As such, it is barred by the thirty day limitation period of section 115.577, RSMo 1994.

In spite of their challenge on the basis of the wording of the ballot, appellants maintain that theirs is not, in fact, an election contest. The appellants' position is that they are challenging the legal effect of the 1982 election, not the result of the election itself. Appellants' attempt to distinguish the legal effect of the election from the result, does not, however, overcome the fact of appellants' own averment: it is only the allegedly erroneous language on the ballot that makes the effect of the election unlawful and void. Being such, the challenge is cognizable only in an election contest. *Beatty*, 700 S.W.2d at 838.

■ As part of their suit, in a count not constituting an election contest, appellants dispute the authority of the commission to set the amount of the sheltered workshop tax. They contend that because the scheme contained in sections 205.968 through 205.972 manifests a legislative intent to establish the sheltered workshop as an autonomous entity and to vest its control wholly in its board of directors, the board holds the exclusive power to establish the amount of the sheltered workshop tax. Their argument concludes that, after the board establishes the amount of the levy and makes a recommendation, the commission's remaining duty is ministerial in nature: it must certify the levy and forward it to the county collector for inclusion on property tax bills.

■ The law is well established that the power to tax for county purposes may be exercised by a county entity or other political subdivision, but only if based on "specific or clearly implied authority delegated to it

---

**2.** A "mill" is one-tenth of one cent. Two mills is the equivalent of "twenty cents per each one hundred dollars assessed valuation." § 205.972.1, RSMo1978. In 1990, the maximum

tax was raised to four mills or "forty cents per each one hundred dollars assessed valuation." § 205.972.1, RSMo1994.

by the general assembly." *State ex rel. Goldberg v. Barber & Sons Tobacco, Inc.,* 649 S.W.2d 859, 861 (Mo. banc 1983); Mo. Const. art. X, § 1. The board concedes that the general assembly conferred upon the board neither explicit authority to levy the sheltered workshop tax nor explicit authority to set the amount of the tax for the commission to certify. The board nevertheless contends that the power to set the amount of the levy falls under the rubric of other "clearly implied" authority. The board's argument of inferences rests upon its reading of the sheltered workshop statute as a whole, emphasizing: the use of the phrase "the county ... shall levy a tax" in the ballot language of section 205.972.2, RSMo 1978, which, the board asserts, implies that the commission must levy the sheltered workshop tax as requested by the board; the fact that section 205.970 vests in the board exclusive administrative control and management of the sheltered workshop facility; and, a 1984 amendment that vests in the board "exclusive control ... of all tax revenues collected by the county on behalf of the facilities or services." § 205.970.7, RSMo 1994.

█ Read as a whole the sheltered workshop law does not by clear implication reveal a legislative intent to grant to the board the authority to establish the amount of the sheltered workshop tax. Considered separately, in fact, none of appellants' contentions assists their premise. First, appellants' assertion that the "shall levy" language directed to the county's governing body in section 205.972.2, RSMo 1978, requires the commission not only to levy but, also, to follow any direction by the board with respect to the amount of any levy, is utterly without merit. Contrary to appellants' argument, nothing in the language of the statute logically implies that respondents are obligated to levy only that amount of tax the board determines is necessary.[3] Second, although the legislature did confer upon the board exclusive administrative control and management of the sheltered facility under section 205.970, it does not necessarily follow that the general assembly vested the board with the power to set the

amount of the sheltered workshop tax. While circumstances may exist in which there is explicit or clearly implied statutory authority directing that a specific political subdivision set the amount of a tax levy, *see, e.g.,* § 205.042.8, RSMo1994; *State ex rel. Board of Health Ctr. Trustees v. County Comm'n,* 896 S.W.2d 627, 632 (Mo. banc 1995), there is no such direction in the sheltered workshop statutes. Finally, the language of section 205.970 to which appellants refer for support was added in 1984, after the 1982 election; the 1984 amendment, therefore, is without effect in the present case. In sum, there is no evidence of clearly implied legislative intent to confer upon the board the authority to determine the amount of the levy.

█ Having determined that the general assembly neither specifically nor by clear implication conferred upon the board the authority to establish the amount of the sheltered workshop tax, it remains to determine whether the commission, which "may ... levy and collect a tax not to exceed two mills per dollar of assessed valuation ...," § 205.971, RSMo1978, is authorized also to determine the amount of the sheltered workshop levy. Resolution of the question lies within the definition of the word "levy." The word "levy" has a variety of meanings in law; however,

> in its proper sense ... it is the formal and official action of a legislative body invested with the power of taxation ... whereby it determines and declares that a tax of a certain amount, or of a certain percentage on value, shall be imposed on persons and property subject thereto.

84 C.J.S. *Taxation* § 349 (1954). When it is used in connection with the authority to tax, "levy" "denotes exercise of legislative function, whether state or local, determining that a tax shall be imposed and fixing [the] amount, purpose and subject of the exaction." *Black's Law Dictionary* 907 (6th ed. 1990). "[F]ixing the amount to be collected has the effect of fixing the rate and is the

---

**3.** Appellants interpret too narrowly the word "levy." As it is generally understood, the authority to levy includes the necessarily implied power

to set the amount of the levy. *See State v. Metropolitan St. Louis Sewer Dist.,* 275 S.W.2d 225, 233 (Mo. banc 1955) and discussion *infra.*

vital step in levying the tax." *St. Louis Sewer Dist.*, 275 S.W.2d at 233. Absent a statutory directive to the contrary, therefore, the commission may lawfully set the amount of the sheltered workshop tax within the statutorily prescribed limitations, a maximum of two mills per dollar of assessed valuation at the time of the 1982 election. § 205.971.

The judgment is affirmed.

HOLSTEIN, C.J., BENTON, PRICE and WHITE, JJ., and HOFF, Special Judge, concur.

LIMBAUGH, J., concurs in separate opinion filed.

ROBERTSON, J., not sitting.

LIMBAUGH, Judge, concurring.

I write separately to emphasize the fact that the majority does not reach what I perceive to be the issue that appellants are actually attempting to raise—whether the levy approved by the voters is invalid if the amount voted on was not an exact amount, but was stated instead as an amount not to exceed 20¢. Appellants failed in their purpose by couching the issue as a challenge to the ballot language rather than a challenge to the validity of the levy as enacted and approved.

As to Count II, I agree that the principal opinion correctly decides that the County Commission, rather than the Board, has the power to set the levy, subject, of course, to voter approval. This part of the opinion decides only what entity sets the levy, not whether the amount of the levy comports with the statutes.