**FRANKLIN COUNTY, Missouri, ex rel. Robert E. PARKS, and Jim Ming, Appellants,**

v.

**FRANKLIN COUNTY COMMISSION, et al., Respondents.**

**No. SC 89114.**

Supreme Court of Missouri, En Banc.

Nov. 4, 2008.

---

Thomas W. Rynard, Marc H. Ellinger, Blitz, Bardgett & Deutsch, LC, Jefferson City, MO, Byron E. Francis, Jeffrey T. McPherson, Cynthia A. Petracek, Armstrong & Teasdale, LLP, St. Louis, MO, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., John K. McManus, Asst. Atty. Gen., Jefferson City, MO, Mark S. Vincent, Franklin County Counselor, Union, MO, Thomas E. Tueth, Michelle H. Basi, Tueth, Keeney, Cooper, Mohan & Jackstadt, P.C., St. Louis, MO, for respondents.

LAURA DENVIR STITH, Chief Justice.

Appellants Parks, Ming and Koehr ("taxpayers") and Respondent, the Franklin County Commission ("Commission"), all agree that the Commission set its tax rate levy for 2006 property taxes on real and personal property assessed in Franklin County in accordance with the require-

ments of section 137.073, RSMo 2000.[1] Taxpayers, however, contend that section 137.073 violates article X, section 22(a) of Missouri's Constitution—the Hancock Amendment—to the extent it permits the Commission to receive an increase in revenue based on an increase in assessed valuation without a vote of the residents of the county. The trial court found no violation of the Hancock Amendment and granted summary judgment to the Commission.

This Court affirms. Article X, section 22(a) prohibits an increase in the tax levy rate unless approved by the voters. But, it is conceded that Franklin County did not raise its tax levy rate. Taxpayers are incorrect in suggesting that the Hancock Amendment requires an increase in revenue to be treated the same as an increase in the tax levy rate. Revenue is equal to the product of (the tax levy rate) multiplied by (the assessed value of property other than new construction). Here, Franklin County's revenue went up slightly because the assessed value of property in the county increased slightly while the tax rate stayed the same. Section 22(a) does not prohibit an increase in revenue in such a circumstance unless the assessed valuation increases more than the general price level—that is, the inflation rate—increased. Here, it is conceded that the assessed valuation increase was only a small fraction of the increase in price levels. Accordingly, section 137.073.2, in permitting such a small increase in revenue, does not violate the Hancock Amendment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Commission is the governing body of Franklin County and is responsible for setting the rate of levy for real and personal property taxes within the county. This Court has previously defined a tax "levy" as "the formal and official action of a legislative body invested with the power of taxation ... whereby it determines and declares that a tax of a certain amount, or of a certain percentage on value, shall be imposed on persons and property subject thereto." *State ex rel. Indus. Services Contractors, Inc. v. County Comm'n of Johnson County*, 918 S.W.2d 252, 256 (Mo. banc 1996).

In 2006, the Commission calculated the tax rate levy for Franklin County, pursuant to section 137.073, 15 C.S.R. 40–3.120 and related audit forms, at 0.1161 cents per $100 of assessed value. This was the same tax rate levy used in 2005. Application of this levy to the property in the county in 2006 resulted in a small increase in revenue to the county, however, because the amount of the assessed value of the property to which the tax levy was applied increased by 0.7117 percent between 2005 and 2006.

Taxpayers paid their property taxes, as assessed by the county, under protest. They concede that "[t]here is no dispute that the County set its rate in accordance with Section 137.073," and that "the County properly completed the Auditor's forms without error and that it derived both its tax rate ceiling and its tax rate according to the formulas contained in those regulatory forms." Further, they state there "is no dispute that the Auditor reviewed the County's forms and calculations and certified that the County's tax rate ceiling and proposed tax rate were consistent with the requirements of section 137.073," so that because the County "followed Section 137.073 and 15 CSR 40–3.120 to the letter ... [i]ts tax rate is valid under those statutory and regulatory provisions."

■ Nonetheless, taxpayers assert, Franklin County's tax rate levy is invalid

---

1. Unless otherwise stated, all subsequent statutory references are to RSMo 2000.

because it should have been lowered enough to offset the increase in assessed value of property in the county, so that the resulting revenue, when the levy rate is multiplied by the assessed value, would remain the same from 2005 to 2006.[2] They concede that the percentage of increase in revenue was only 0.7117 percent, far less than the rate of inflation or the increase in the consumer price index and, so, was permitted by section 137.073.2, which authorizes an "inflationary growth factor" so long as it does not "exceed the consumer price index or five percent, whichever is lower." Sec. 137.073.2. They assert, however, that the Hancock Amendment bars consideration of inflation in determining whether there has been an improper increase in revenue resulting from an increase in the assessed value of property within the county.

The trial court rejected taxpayers' arguments, finding that section 137.073.2 is not inconsistent with the Hancock Amendment. Taxpayers appeal.

## II. STANDARD OF REVIEW

■■■■ This Court has exclusive jurisdiction to determine the validity of a state statute. Mo. Const. art. X, sec. 3. The standard of review for constitutional challenges to a statute is de novo. *Hodges v. City of St. Louis,* 217 S.W.3d 278, 279 (Mo. banc 2007). A statute is presumed to be valid and will not be declared unconstitutional unless it clearly contravenes some constitutional provision. *Doe v. Phillips,* 194 S.W.3d 833, 841 (Mo. banc 2006). The person challenging the validity of the statute has the burden of proving the act clearly and undoubtedly violates the constitutional limitations. *Trout v. State,* 231 S.W.3d 140, 144 (Mo. banc 2007).

## III. SECTION 137.073 IS NOT INCONSISTENT WITH THE HANCOCK AMENDMENT

### A. The Tax Levy Was Not Improperly Increased.

■■■■ The Hancock Amendment was approved by the voters in 1980. Section 22(a) imposes limitations on the amounts of taxes, fees or licenses that a county and other political subdivisions may levy without obtaining voter approval. Mo. Const., art. X, sec. 22(a)[3]; *Thompson v. Hunter,*

---

2. Taxpayers also argue that the increase in assessed value from 2005 to 2006 was not authorized since such increases can occur only in even-numbered years and constitute an increase in the tax base, which requires a commensurate decrease in the tax levy under the second clause of section 22(a). The Commission contends that certain limited types of property require reassessment every year. They further note that there is no evidence in the record of an increase in the tax base, which necessarily involves "the inclusion of new *types* of property, not previously taxed, within the tax base and against which a tax could be levied." *Tannenbaum v. City of Richmond Heights,* 704 S.W.2d 227, 229 (Mo. banc 1986) (emphasis added). These issues were not preserved below or properly briefed in this Court, and there are no facts in the record or agreed to by all parties on appeal showing the reason the assessed valuation increased. Arguments are not evidence.

Rule 84.13(a), *see also Leahy v. Leahy,* 858 S.W.2d 221, 229 (Mo. banc 1993). For this reason, this Court will not address this issue further.

3. Mo. Const. art. X, sec. 22(a) provides:

(a) Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, charter or self-enforcing provisions of the constitution when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon. If the definition of the base of an existing tax, license or fees, is broadened, the maximum authorized current levy of taxation on the new base in each county or other

119 S.W.3d 95, 99 (Mo. banc 2003). In determining whether a county has violated the Hancock Amendment, the "constitution's prohibition is measured against the tax levy" imposed by the county. *Tax Increment Fin. Com'n v. J.E. Dunn Const.*, 781 S.W.2d 70, 74 (Mo. banc 1989). Increases in revenue that do not result from an increase in the levy do not violate the prohibitions of section 22(a), even if a particular taxpayer's liability is increased, except in the narrow classes of cases set out in the second and third sentences of section 22(a). *Keller v. Marion County Ambulance Dist.*, 820 S.W.2d 301, 301–305 (Mo. banc 1991).

Here, while Franklin County experienced an increase in revenue from 2005 to 2006, it did not result from an increase in the tax levy. To the contrary, to determine the gross revenue of the county, the Commission simply applied the tax levy rate to the assessed valuation of existing property (excluding improvements and new construction) according to the formula (Tax Levy Rate) × (Assessed Value of Property) = Gross Revenue. Thus, the first sentence of section 22(a) simply is not implicated, for it concerns only situations in which the rate of tax levy is increased. *See note 4, above.*

Taxpayers argue otherwise, claiming that this bar on an increase in the levy should also be read to bar an increase in revenue even if it does not result from an increase in the levy. They are incorrect. As noted, "levy" means a legislative declaration "that a tax of a certain amount, or of a certain percentage on value, shall be imposed on persons and property subject

thereto." *State ex rel. Indus. Services Contractors*, 918 S.W.2d at 256. "Revenue" as that term is used in the Hancock Amendment, by contrast, is "the annual or periodical yield of taxes, excises, customs, duties, and other sources of income that a nation, state or municipality collects and receives into the treasury for public use...." *Committee for Educational Equality v. State*, 967 S.W.2d 62, 64 (Mo. banc 1998). One determines revenue by multiplying the levy by the assessed value of property; the words "levy" and "revenue" are not synonyms. The first portion of section 22(a) bars increases in the levy in certain cases. Here, there was no increase in the levy. That portion of section 22(a) is simply inapplicable.

### B. The County's Minor Increase in Revenue Does Not Violate the Hancock Amendment.

■ Taxpayers alternatively allege that the increase in revenue is precluded by the final clause of section 22(a), which states:

> ... If the assessed valuation of property as finally equalized ... increases by a larger percentage than the increase in the general price level from the previous year, the maximum authorized current levy applied thereto ... shall be reduced to yield the same gross revenue from existing property, adjusted for changes in the general price level, as could have been collected at the existing authorized levy on the prior assessed value.

Mo. Const. art. X, sec. 22(a). Thus, where the increase in assessed valuation is greater than the change in the consumer price index, the amount of the levy must be rolled back. Here, however, taxpayers

---

political subdivision shall be reduced to yield the same estimated gross revenue as on the prior base. If the assessed valuation of property as finally equalized, excluding the value of new construction and improvements, increases by a larger percentage than the current levy applied thereto in each county or

other political subdivision shall be reduced to yield the same gross revenue from existing property, adjusted for changes in the general price level, as could have been collected at the existing authorized levy on the prior assessed value.

concede, as they must, that the increase in assessed valuation was only 0.7117 percent, while the consumer price index rose 3.5 percent. Thus, this final clause of section 22(a) does not mandate a rollback of the tax levy.

█ Taxpayers say that, while the final clause of section 22(a) may not require a rollback of the levy, neither does it specifically authorize an increase in revenue based on an increase in the rate of inflation of less than the amount of increase in the consumer price index. Such a specific authorization is necessary, taxpayers argue, in order for the legislature to enact legislation such as section 137.073.2, which permits an increase in assessed valuation up to the rate of inflation without requiring a tax levy reduction.

█ Taxpayers are incorrect in suggesting that the legislature has no authority except that expressly granted by the Constitution. "A State Constitution is not a grant of power as is the Constitution of the United States but, as to legislative power, it is only a limitation; and, therefore, except for the limitations imposed thereby, the power of the State Legislature is unlimited and practically absolute." *Kansas City v. Fishman,* 241 S.W.2d 377, 380 (Mo. banc 1951).

In the present case, not only is there no constitutional provision limiting the legislature's ability to allow revenue increases that do not exceed the increase in the general price index, the Hancock Amendment provides that "the general assembly may enact laws implementing [the provisions of article X, sections 16–23] which are not inconsistent with the purposes of said sections V.A.M.S. Const. Art. 10, § 22(a)." Mo. Const. art. X, sec. 24(b).

Section 137.073 is not inconsistent with section 22(a). Section 137.073.2 authorizes a "political subdivision to . . . revise each levy to allow for inflationary assessment growth occurring within the political divi-

sion . . . not to exceed the consumer price index or five percent, whichever is lower." *Id.* This is consistent with section 22(a), which prohibits only increases that are more than the rate of inflation. It does not prohibit counties and other political subdivisions from increasing revenues to keep up with the general increase in prices, so long as the increase is a result of the increased assessed valuation rather than increase in the tax levy rate and does not exceed the rate of inflation.

## IV. CONCLUSION

█ For the reasons set out above, this Court holds that the first clause of section 22(a) does not apply because the increase in revenue did not result from an increase in the tax levy. This Court further finds that section 137.073 of Missouri's statutes is not inconsistent with section 22(a) of Missouri's constitution because the latter does not prohibit increases in revenue resulting from increases in assessed valuation that are less than the level of any increase in the general price index. Missouri's constitution sets out basic rules and gives authority and prohibitions that guide and set parameters for the legislature's actions. *Fishman,* 241 S.W.2d at 379. This Court is not free to add limitations on the legislature's authority regarding taxation and revenue that are not enumerated in the Missouri Constitution or the United States Constitution, *Brown v. Morris,* 365 Mo. 946, 290 S.W.2d 160, 166 (1956), and it will not do so here. The judgment is affirmed.

PRICE, TEITELMAN, RUSSELL, WOLFF and BRECKENRIDGE, JJ., and SUTHERLAND, Sp.J., concur.

FISCHER, J., not participating.