Bohle v. Kingsley.

---

Louis C. Bohle, Appellant, v. Carrie L. Kingsley, Respondent.

St. Louis Court of Appeals, November 22, 1892.

1. **Justices' Courts:** NON-APPEARANCE OF PLAINTIFF. When the plaintiff in a cause pending before a justice of the peace, and not founded upon an instrument of writing, fails to appear at the time appointed for the trial, the justice must render a judgment of nonsuit, the statute on that subject (Revised Statutes, sec. 6235) being mandatory.

2. ——: ——: JUDGMENT OF DISMISSAL.   A judgment dismissing the cause in such case is, however, equivalent to an involuntary nonsuit, there being no difference except in name.

3. ——: ——: APPEAL FROM ORDER DISMISSING A CAUSE.   An appeal by the plaintiff lies from an order of a justice of the peace dismissing a cause for such failure of the plaintiff to appear at the time set for the trial, nor need the plaintiff first move the justice to set aside the dismissal.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED *(with directions).*

*Geo. J.* and *Henry B. Davis,* for appellant.

*Heber W. Adams* and *E. W. Banister,* for respondent.

THOMPSON, J.—This was a suit by attachment, before a justice of the peace, on an open account for $77.   Some personal property was levied upon under the attachment, but the defendant was not found. The justice thereupon issued an *alias* summons, and made an order of publication under the statute, in conformity with which publication was made directing the defendant to appear and defend on the sixth day of November, 1891.   Neither party appeared on that date, and the justice made an entry that he "passed the case down."   Seven days thereafter, on November 13, the defendant applied to the circuit court for a rule on the justice to show cause why he should not be restrained from taking any further action in the case.   A rule *nisi* was issued at once, restraining the justice from all further proceedings until it was determined.   Such proceedings were had thereafter in the circuit court that, on the fourteenth of December following, the court made the rule absolute, and restrained the justice from

taking any further steps in the cause, "except that the said justice dismiss said suit." Thereafter on the twenty-first of December, on motion of the justice, the court modified the foregoing order so as to authorize the justice to grant an appeal to the circuit court. This appeal was granted and duly perfected in compliance with the statute; but no motion was made before the justice under section 6237 of the Revised Statutes, within ten days, to set aside the judgment of nonsuit; nor was any motion made in the circuit court to allow the justice to set it aside under the statute, and to resume jurisdiction of the cause. It is perceived that, when the application for the rule was made in the circuit court, only seven days had elapsed from the date at which the cause had been set for trial by the justice. It is to be added that no steps appear to have been taken in the circuit court to review or vacate the rule made by the circuit court upon the justice requiring him to dismiss the cause. But we shall assume that this rule, and the proceedings which led up to it, are to be treated as a part of the proceedings in the cause before the justice, the whole being taken together and dealt with by us, upon the record proper, as a connected proceeding.

The cause having been docketed in the circuit court in pursuance of the appeal granted by the justice under the permission of that court, the defendant appeared in that court and moved to dismiss *the cause* for want of jurisdiction in the justice to try the same upon its merits. The motion was in writing, and recited substantially the foregoing facts. It was sustained by the court as a motion to dismiss *the appeal*, and the order which the court entered was "that the appeal herein be and the same is hereby dismissed," etc. From this order dismissing the appeal the present appeal is prosecuted to this court;

and the only question which we have to consider is whether, in the state of facts above recited, the appeal from the justice was properly dismissed.

The action not having been founded upon an instrument of writing filed with the justice, he had no power under section 6235 of the Revised Statutes, clause 1, to render a judgment in favor of the plaintiff, in default of the appearance of the plaintiff on the day set for trial; but his only power in the premises was to "render judgment of nonsuit against the plaintiff, with costs," as prescribed in the third subdivision of the same section. The duty of the justice under such circumstances to render a judgment of nonsuit is repeated in section 6236, and in both provisions the language employed by the statute is that "the justice *shall* render judgment of nonsuit," etc. Such being the mandate of the statute, and the powers of justices of the peace being purely statutory, the justice had no power, in default of the plaintiff to appear on the day set for trial, to pass the case down, or to continue it, or to postpone its hearing; but his power and duty consisted of the power and duty of rendering a judgment of nonsuit, at the costs of the plaintiff, and of that alone. If he had rendered such a judgment in compliance with the mandate of the statute, the plaintiff might have procured him to set it aside upon showing good cause therefor, and paying all costs then accrued, under the provision of section 6237 of the Revised Statutes. After the lapse of the sixth day of November, 1891, the jurisdiction of the justice determined for every purpose, except to enter the judgment of nonsuit prescribed by the statutes already referred to. The rule of the circuit court upon the justice, made on the fourteenth of December, commanding him to take no further steps in the proceeding, except to dismiss the suit, was tantamount to a rule on him to take no

further steps in it, except to enter judgment of nonsuit; for there can be no difference, except in name, between an involuntary judgment of nonsuit and a judgment dismissing a suit. Notice of this rule was served on the justice on December 16, 1891, and on that day, in compliance with the rule, the justice dismissed the suit. On the same day an application was made by the plaintiff for an appeal, and an appeal bond tendered; and seven days thereafter, December 23, the justice received notice of the additional order of the circuit court authorizing him to grant the appeal. The appeal was accordingly granted and perfected as already stated.

Another provision of the statute (Revised Statutes sec. 6327) authorizes an appeal from any judgment rendered by a justice of the peace, except a judgment of confession, and the succeeding section prescribes the conditions under which an appeal may be taken, among them the condition, "that the appeal must be made within ten days after the judgment was rendered," as was done in this case. The statute is plainly broad enough to allow an appeal from an involuntary judgment of nonsuit, or dismissal; and such was the appeal in this case. The statutory provision which required the plaintiff, in order to become entitled to take an appeal from the judgment of dismissal, first to move the justice to set aside the nonsuit, which he is empowered to do by section 6237, was repealed in 1885. Nor would such a motion have been of any use in this case, because the justice had been restrained by the circuit court from taking any steps in the cause, except to dismiss the suit. We, therefore, conclude that the judgment of dismissal was appealable, and that, the appeal having been taken within the time and in the manner provided by the statute, the circuit court erred in dismissing it.

Our judgment accordingly is that the judgment of the circuit court, dismissing the appeal, be reversed, and that the cause be remanded, with directions to the circuit court to reinstate it upon its docket. All the judges concur.