JOHN PURCELL *et al.*, Appellants, v. R. B. PAYTON *et al.*, Respondents.

St. Louis Court of Appeals, May 15, 1894.

Justices' Courts: APPEAL FROM JUDGMENT OF DISMISSAL IN ACTION BY ATTACHMENT. The plaintiff in an action on an open account before a justice of the peace may appeal from a judgment of nonsuit or dismissal rendered for his failure to appear at the trial, though the entry of such judgment is mandatory under the statute. And the appeal may be taken, when the judgment is rendered for his nonappearance to a trial on the merits, after an adverse judgment on the plea in abatement, in an action by attachment.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED AND REMANDED.

*E. A. Barbour* and *S. W. Massey* for appellants.

On the trial day the justice neither tried nor continued the case on the merits. He did not render judgment of nonsuit, but of his own motion allowed the merits to stand undisposed of and transferred all the papers with the first appeal to the circuit court. The justice still retained jurisdiction to render judgment of nonsuit on the merits, and, so soon as he rendered that judgment, the plaintiff's right of appeal from the whole case attached, and not until then. Therefore the appeal from the judgment of the justice, dismissing the case at cost of plaintiffs, was properly taken, and the circuit court should have tried the case when before it on the appeal. *Bohle v. Kingsley*, 51 Mo. App. 389; *Macklin v. Allenburg*, 100 Mo. 343; *Mack v. Byrd*, 109 Mo. 488; *Turpin v. Turpin*, 88 Mo. 337; *Jones v. Evans*, 80 Mo. 567.

*C. W. Hamlin, E. P. Miller* and *O. T. Hamlin* for respondents.

BOND, J.—Plaintiffs sued before a justice of the peace by attachment to recover an account for $149.07. Change of venue was taken, and the cause tried on a plea in abatement and a judgment on that issue rendered in favor of defendants.

No trial was asked or had upon the merits. Plaintiffs appealed to the circuit court from the judgment on the plea in abatement, where the appeal was dismissed because taken before a trial on the merits.

This judgment of the circuit court and all original papers and files in the cause were certified to the justice who tried the plea in abatement, whereupon he set the cause for trial on the merits and gave notice to both parties, and thereafter, on motion of defendants, dismissed the case. From this judgment plaintiffs appealed again to the circuit court. Defendants, appearing for that purpose only, moved the circuit court to dismiss the cause of action for want of jurisdiction. The court sustained this motion, and rendered a judgment dismissing said cause from which this appeal is taken.

This ruling was error. The action in this case was not founded on any written instrument, but was based upon an open account. When the plea in abatement had been disposed of by the justice, the cause stood for trial on the merits. Plaintiffs having taken no further steps in the cause after the conclusion of that issue, and having made no appearance at the time the cause was regularly triable on the merits, it became the duty of the justice to render a judgment against them "of nonsuit with costs." R. S. 1889, sec. 6235.

The justice, however, did not render such judgment until defendant's motion to that effect, made after the circuit court had dismissed plaintiff's appeal on the plea in abatement and had certified the cause back to the justice's court.

That the judgment of dismissal then rendered by the justice was appealable has been expressly adjudicated. *Bohle v. Kingsley*, 51 Mo. App. 389. That plaintiffs could not appeal before the rendition of this judgment, since up to that time there was no final judgment, is clear. That they did appeal within due time after its rendition is apparent from the record. That their appeal took the case to the circuit court for trial *de novo* is the language of the statute, as well as

the doctrine of the cases defining the scope of trials in the circuit court upon appeals from justices. R. S. 1889, sec. 6339; *Bohle v. Kingsley, supra; Meyers v. Boyd,* 37 Mo. App. 535; *Musgrove v. Mott,* 90 Mo. 107.

The rule as to the effect of an appeal from a judgment of nonsuit or dismissal, rendered by a justice under the statutory mandate, is not an open question in this court; for it has been decided that such an appeal to the circuit court can not be dismissed on the ground that it vested no jurisdiction in that court, because of the statutory restriction of the power of the justice to the rendition of a particular judgment. *Bohle v. Kingsley, supra,* and see section 6299 of the Revised Statutes, 1889.

In the case cited, the cause was sent back for reinstatement on the docket of the circuit court. This is only explicable on the theory that it should have been tried on its merits in that court; otherwise this court would have affirmed the ruling of the circuit court dismissing the appeal, or entered here a proper judgment of dismissal. Under this rule we are constrained to reverse the judgment of the circuit court in the case at bar, and remand the cause with directions to the circuit court to reinstate the same on its docket. All the judges concur.