**Brenda TITTSWORTH, Appellant,**

v.

**Jerald CHAFFIN, M.D., Respondent.**

No. 15128.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 22, 1987.

Matt A. Selby, Anderson & Selby, Kimberling City, for appellant.

Robert W. Freeman, Brett A. Robinson, Freeman, Fredrick and Rogers, P.C., Springfield, for respondent.

HOLSTEIN, Judge.

Plaintiff Brenda Tittsworth filed a civil action with the clerk of the division presided over by the associate circuit judge in Taney County on July 28, 1982. Inasmuch as the sum demanded, exclusive of interest and costs, did not exceed $5,000, the provisions of Chapter 517, RSMo applied. §§ 478.225.2(1) and 517.010.1.[1] After the case was commenced, an application was filed by defendant seeking to have the case heard under the practice and procedure applicable in cases before circuit judges. The associate circuit judge granted the application. However, no order was entered by the presiding judge of the circuit requiring that the practice and procedure applicable before circuit judges should apply. ·

No further activity occurred until 1986 when defendant filed a motion to dismiss plaintiff's case for failure to prosecute. On the day the motion was set for hearing, plaintiff's counsel was late in arriving for court. By the time plaintiff's counsel arrived, an order sustaining the motion to dismiss for failure to prosecute had been entered by the associate circuit judge. Within 10 days after the entry of this order, an application for trial de novo was filed with the clerk serving in the associate circuit judge's office as provided by § 512.190.1.

In due course, the file was transmitted to the circuit clerk. Defendant moved to dismiss the application for trial de novo. That motion was sustained by the circuit judge. From the order sustaining the motion to dismiss, plaintiff appeals.

■ The record on appeal does not contain a copy of the motion to dismiss the application for trial de novo, nor did the judge's order set forth the reason why he was dismissing the case. In response to our order to supplement the legal file to include the motion, plaintiff informed us that he "assumes" no such motion exists, while defendant insists such motion does exist, but failed to supply a copy of the document in which the motion was made. We are left to look elsewhere to determine the content of the motion to dismiss and, thus, the rationale for the circuit judge's order of dismissal. Where a statement of facts is asserted in one party's brief and conceded to be true in his adversary's brief, the Court of Appeals may consider it as though it appeared in the record. *Hempe v. Cape*, 702 S.W.2d 152, 153 (Mo.App. 1985). The statement of facts contained in plaintiff's brief and adopted by defendant described the substance of the motion to dismiss the application for trial de novo. The motion apparently claimed that the only remedy available to plaintiff after dismissal by the associate circuit judge was a direct appeal to the Court of Appeals.

■ Chapter 517, RSMo is an expedited procedure applicable to specified types of civil cases heard by associate circuit judges.[2] Among the unique characteristics of the procedure under Chapter 517 is that

**1.** Unless otherwise indicated, all statutory references are to RSMo 1978, V.A.M.S. These were the provisions in effect at the time this case was pending in the circuit court.

**2.** Formerly, Chapter 517, RSMo was the "magistrate court procedure." Magistrate courts were abolished when the office of associate circuit judge was created by adoption of Article V of the Missouri Constitution at a special election on August 3, 1976, effective January 2, 1979. Mo. Const. art. V, § 27.

following a nonjury trial and judgment by an associate circuit judge, an aggrieved party has a right to a retrial of the entire case. §§ 512.180.1 and 512.190.1; *Hloben v. Henry*, 660 S.W.2d 431, 432 (Mo.App. 1983).

Section 517.010.2 reads as follows:

... Even though the provisions of Chapter 517 would apply to the hearing of a case by an associate circuit judge because of subsection 1 of this section, the presiding judge of the circuit may nevertheless in an order of special assignment specifically direct that the practice and procedure applicable before circuit judges shall apply. Such a special assignment order shall only be made if the facilities are available to the associate circuit judge to hear the case on a record so that there would be no right of trial de novo and any appeal could be taken on the record ...

In the absence of "an order of special assignment" by the presiding judge, once a case is commenced as a Chapter 517 proceeding, it continues to have that status. Such order may be required under certain specified circumstances[3] or may be the result of the exercise of the presiding judge's unqualified authority to enter an order of special assignment.[4] In this case, there is nothing in the record to indicate the presiding judge ever entered such order. Consequently, plaintiff's remedy was to file an application for trial de novo. The circuit judge's order dismissing the timely filed application for trial de novo was erroneous.

Defendant also argues that plaintiff was not aggrieved by a judgment in a civil case "tried" by an associate circuit judge and, therefore, is not entitled to trial de novo or appeal. § 512.180. Defendant claims that a case disposed of on some basis other than issues raised by the pleadings is not "tried." If this argument were adopted, a party would be remediless to correct an erroneous ruling on any motion which disposes of a Chapter 517 proceeding, if the motion is decided prior to a determination of issues raised in the pleadings.

■ We find no case in which the words "case tried" have been construed in the context of the statutes relating to application for trial de novo or appeals from cases tried by associate circuit judges. A trial is a judicial examination and determination of issues between the parties to an action, whether they be issues of law or fact, before a court that has jurisdiction. *Reproductive Health Services, Inc. v. Lee*, 660 S.W.2d 330, 340 (Mo.App.1983). In the context of a criminal proceeding, entry into a plea bargain and being placed on probation is a "trial." *State ex rel O'Brien v. Murphy*, 592 S.W.2d 194, 196 (Mo.App. 1979). In the context of an injunctive proceeding, "trial" does not include hearings on pretrial motions for temporary injunctions. *Reproductive Health Services, Inc. v. Lee, supra.*

■ When § 512.180 was enacted in 1978, it was part of an overall response to the abolition of magistrate courts and creation of a one-tier trial court. *City of Kansas City v. Rule*, 673 S.W.2d 21, 25 (Mo. banc 1984). The legislature left the expedited procedure under Chapter 517 intact, except jurisdiction to try such cases was transferred to those divisions of circuit court presided over by associate circuit judges.[5] By retaining provision for trial de novo from 517 proceedings, the legislature manifested its intent to provide a remedy to those aggrieved by adverse dispositions in such proceedings. We conclude that within the context of § 512.180, a case is

---

**3.** The circumstances under which the presiding judge of the circuit was required to make an assignment of a case originating as a Chapter 517 proceeding to be tried under ordinary procedures applicable in civil cases were formerly described in §§ 517.330 and 517.520.2, RSMo 1978 (repealed effective January 1, 1987). The circumstances now requiring such assignment are codified in § 517.081, RSMo 1986.

**4.** Section 517.010.2, RSMo 1986, and *Rogers v. King*, 684 S.W.2d 390, 392 (Mo.App.1984).

**5.** Both briefs refer to the division presided over by the associate circuit judge as "associate circuit court." There is but one circuit court and to use terminology such as "associate circuit court" only tends to compound confusion. *Division of Family Services v. Davison*, 726 S.W.2d 464, 466 (Mo.App.1987).

"tried" when there is a full disposition of issues in the case, whether disposed of on issues alleged in the pleadings or on the basis of preliminary motions.

■ Our holding is consistent with earlier cases construing § 512.180, RSMo 1969, which authorized trial de novo appeals from a "judgment" of a magistrate court. A magistrate's order dismissing a case because plaintiff failed to appear at the time set for trial authorized an appeal to circuit court. *Bohle v. Kingsley,* 51 Mo.App. 389, 392–393 (1892); *Wayne Mfg. Co. v. Challenge Co.,* 280 S.W. 448, 451 (Mo.App.1926).

The order of the trial court dismissing the application for trial de novo is reversed and the cause is remanded for further proceedings consistent with this opinion.

CROW, C.J., and GREENE, P.J., concur.