**Darryl McELROY, Appellant,**

v.

**WESTIN HOTEL COMPANY, d/b/a Westin Crown Center Hotel, Respondent.**

**No. WD 54334.**

Missouri Court of Appeals, Western District.

Submitted April 15, 1998.

Decided Aug. 11, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 22, 1998.

Londa Shabazz, Kansas City, for appellant.

John A. Felton, Kansas City, for respondent.

Before ULRICH, C.J., P.J., and SMART and LAURA DENVIR STITH, JJ.

SMART, Judge.

Darryl McElroy filed suit against the Westin Hotel Company ("Westin") to recover damages for personal injuries sustained during his stay at the Westin Crown Center Hotel in Kansas City, Missouri. The Associate Circuit Division of the Jackson County Circuit Court dismissed McElroy's petition based upon his failure to comply with certain discovery orders. This dismissal was designated "without prejudice." McElroy filed an application for a trial *de novo*. The circuit court dismissed McElroy's application. McElroy appeals claiming that the trial court erred in dismissing his petition for trial *de novo* because his application for trial *de novo* was not an appeal but an application for a new trial. Appeal is dismissed.

On May 28, 1996, Darryl McElroy filed suit against Westin. In his petition, he alleged that he was injured playing basketball with another guest at the Westin Crown Center Hotel on May 25, 1991. McElroy originally filed this suit on July 19, 1993 in United States District Court for the Northern District of Illinois, Eastern Division. In his petition he asked for $30,000.00 in damages. On November 8, 1993 the suit was dismissed. McElroy refiled in the Jackson County Circuit Court, Associate Circuit Division. McElroy claimed to have suffered severe and permanent injuries, including a fracture of his distal fibula, as a result of Westin's negligence. Although he claimed that the injuries were "permanent, disabling and progressive" and claimed past and future medical expenses, he did not pray for a specific dollar amount.

The Associate Circuit Division dismissed the suit. In its order, the court stated:

On November 15, 1996, the Court issued an Order enforcing discovery on the Plaintiff. The Court granted the Plaintiff 15 days to comply with said Order or further sanctions would issue. The Plaintiff did not respond to the Court's Order.

On December 3, 1996, Plaintiff filed a motion to "Vacate Judgment" requesting the Court to set aside the Order of November 15, 1996. The Court denied Plaintiff's Motion on December 18, 1996.

On December 18, 1996, the Court contacted both parties in an attempt to resolve the discovery dispute between the parties. Law Clerk, Joseph M. Fridkin, arranged a conference call between counsel for the Plaintiff, Londa Shabazz and counsel for the Defendant, J.A. Felton. Ms. Shabazz assured Mr. Felton and Mr. Fridkin that the requested discovery would be in the possession of the Defendant by Friday, December 20, 1996. Ms. Shabazz has not complied with her obligation.

Further, Ms. Shabazz told Mr. Fridkin that she would contact him later that afternoon, or when she received facsimile transmission of the discovery documents. To date Ms. Shabazz has not contacted the Court regarding this matter.

Therefore, the Court Amends its Order of December 18, 1996.

The Plaintiff's Motion To Set Aside Order dated November 15, 1996 is hereby DENIED.

Further, the Defendant's Request to Dismiss the Plaintiff's Case With Prejudice is SUSTAINED.

IT IS ORDERED, ADJUDGED, and DECREED the above captioned matter is hereby DISMISSED WITHOUT PREJUDICE.

On January 2, 1997, McElroy filed an application for trial *de novo*. Westin filed a motion to strike the application or, in the alternative, to dismiss. The circuit court dismissed the application because "said appeal was taken from a judgment that was not final since the underlying case was dismissed without prejudice and that Plaintiff is not

precluded from refiling the above-styled cause." McElroy appeals.

McElroy contends that the trial court erred in dismissing his application for trial *de novo* because the application for trial *de novo* is not an appeal, but an application for a new trial. He contends that the judgment of the Associate Circuit Division did not have to be final for him to have a trial *de novo*.[1] He also argues that he has a right to trial *de novo* because the case does not fall within the provisions for review by appeal, the case was tried within the meaning of § 512.180.1, RSMo 1994, and the amount of damages claimed is not the only determining factor for trial *de novo*.

Resolution of the question presented by this appeal involves § 512.180, RSMo 1994. This statute provides relief to an aggrieved party in a civil case tried before an associate circuit judge. It states:

1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

2. In all other contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges or in any misdemeanor case or county ordinance violation case a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court. At the discretion of the judge, but in compliance with the rules of the supreme court, the record may be a stenographic record or one made by the utilization of electronic, magnetic, or mechanical sound or video recording devices.

§ 512.180, RSMo 1994.

■ It is the facts, not the labels, which determine the proper appeal from a judgment entered by an associate circuit judge. *Farinella v. Croft*, 922 S.W.2d 755, 757 (Mo. banc 1996). The statute describes two separate remedies. Section 512.180.1 sets forth the requirements for a trial *de novo* in the circuit court. To be entitled to a trial *de novo* under this section a party must be (1) aggrieved, (2) by a case tried before an associate circuit judge, (3) where the damages claimed in the petition do not exceed $5,000.00. McElroy's action does not meet the statutory criteria for trial *de novo*.

■ As McElroy correctly points out, a trial *de novo* is not an appeal, although the two terms are often used interchangeably in the case law. *Hloben v. Henry*, 660 S.W.2d 431, 432 (Mo.App.1983). However, as in the case of an appeal, it is required that a party be "aggrieved" in order to qualify for a trial *de novo*. Westin argues, and we agree, that McElroy was not aggrieved by the trial court's dismissal of his petition without prejudice because McElroy could have refiled the action within one year of the dismissal pursuant to § 516.230, RSMo 1994.

The determination as to whether McElroy was "aggrieved" by the trial court's dismissal of his petition is, therefore, analogous to the question of when a judgment becomes final for the purpose of appeal. In *Fitzpatrick v. Hannibal Regional Hosp.*, 922 S.W.2d 840 (Mo.App.1996), the Eastern District of this court discussed the effect of a dismissal without prejudice on its jurisdiction. The court decided that a party was aggrieved and could appeal when a dismissal without prejudice had "the practical effect of terminating the litigation in the form in which it is cast or in the plaintiff's chosen forum." *Id.* at 842. The associate circuit judge's dismissal of the instant action did not terminate the litigation. The action could have been refiled by McElroy. Hence, he was not "aggrieved" and is

---

1. The court's ruling states that it sustains defendant's motion to dismiss with prejudice, then states that the claim is dismissed *without* prejudice. Both parties quite reasonably interpret the ruling as a dismissal without prejudice, so we will also regard the dismissal as one without prejudice.

not entitled to trial *de novo* pursuant to § 512.180.1.

In *Nicholson v. Nicholson,* 685 S.W.2d 588 (Mo.App.1985) the court addressed the issue of whether a dismissal without prejudice was a final judgment from which an appeal could be taken. The court concluded that it was necessary to examine the case to determine what was actually dismissed, the petition or the action itself. *Id.* at 589. McElroy does not argue that he could not have refiled the action within a year under the savings statute. The dismissal of McElroy's action did not act as a judgment on the merits of the case or conclusively decide any procedural or substantive issue in the case. Consequently, McElroy does not demonstrate that he was aggrieved by the associate circuit judge's order.

■ Section 512.180.1 also requires that the case be "tried without a jury before an associate circuit judge." McElroy asserts that this condition has been met and that the case has been "tried" within the meaning of the statute. He cites *Tittsworth v. Chaffin,* 741 S.W.2d 314 (Mo.App.1987) in support of his argument. In *Tittsworth,* the plaintiff's case was dismissed for failure to prosecute. Plaintiff's application for trial *de novo* was dismissed. *Id.* at 315. On appeal, it was found that the trial court's dismissal of the application for trial *de novo* was erroneous. *Id.* at 316. The court rejected the argument that a case that is disposed of on a basis other than the issues raised by the pleadings is not "tried." *Id.* The case defined "trial" as "a judicial examination an determination of issues between the parties to an action, whether they be issues of law or fact, before a court that has jurisdiction." *Id.* It was concluded that a case is considered to have been "tried" if "there is a full disposition of issues in the case, whether disposed of on issues alleged in the pleadings or on the basis of preliminary motions." *Id.* at 317. Here, there was no full disposition of the issues of the case. The associate circuit judge dismissed McElroy's because of discovery violations. The case was dismissed without prejudice and the action could have been refiled.

■ McElroy also argues that because § 512.180.2 is not applicable to his case he does not lose his right to trial *de novo.* He cites *Wulff v. Kakadiaris,* 856 S.W.2d 128 (Mo.App.1993) in support of this proposition. *Wulff* is not applicable because it concerned an uncontested case. Section 512.180.2, the section providing for an appeal to the appropriate appellate court, applies to contested civil cases. This court held that the defendant in *Wulff* was entitled to a trial *de novo* as a matter of constitutional right. *Id.* at 130. This is only logical. Otherwise, there would be no mechanism for review of uncontested cases. Unlike the defendant in *Wulff,* who had no remaining options, McElroy could have refiled his petition. The defendant in *Wulff* was aggrieved by the default judgment entered against him. McElroy was not aggrieved by the dismissal of his petition without prejudice.

■ McElroy was not entitled to a trial *de novo.* The motion to dismiss his application was, therefore, ruled upon by a court without jurisdiction. *See Davis v. Oaks,* 942 S.W.2d 464, 467 (Mo.App.1997). "An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal." *Farinella,* 922 S.W.2d at 757–58 (*quoting Aldridge v. First Financial Insurance Co.,* 828 S.W.2d 734, 735 (Mo.App.1992)).

Appeal dismissed.

ULRICH and LAURA DENVIR STITH, JJ., concur.