Christopher L. PROSSER, Appellant,

v.

Arthur DERICKSON, et al., Respondents.

No. WD 56824.

Missouri Court of Appeals, Western District.

Sept. 28, 1999.

Christopher Prosser, Acting pro se.

Dave Willams, Jefferson City, for respondents.

Before ULRICH, P.J., EDWIN H. SMITH, and HOWARD, JJ.

ULRICH, Presiding Judge.

Christopher Prosser, an inmate in the custody of the Missouri Department of Corrections, appeals from the Associate Circuit Division of the Circuit Court's dismissal with prejudice of his petition in replevin and/or bailment. Mr. Prosser alleged that corrections officials unlawfully

seized and retained property belonging to him. In his appeal, Mr. Prosser seeks to set aside the associate circuit court's dismissal of his petition for replevin and/or bailment. Mr. Prosser's appeal is dismissed.

▮ Although neither party has raised the issue of jurisdiction, this court has a duty to address appellate jurisdiction *sua sponte. Hamby v. City of Liberty,* 970 S.W.2d 382, 383 (Mo.App. W.D.1998). The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists. *Farinella v. Croft,* 922 S.W.2d 755, 756 (Mo. banc 1996). Section 512.180 [1] governs appeals from cases tried before associate circuit judges. It grants "any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges" the right of a trial de novo "in all cases where the petition claims damages not to exceed five thousand dollars." § 512.180.1. Only where the case does not fit this description may a party appeal directly to the appellate court. *Farinella,* 922 S.W.2d at 756. Failure to request and pursue the proper remedy may be fatal to a person's right to obtain review. *Nicolai v. Faille–Talayna Pizza, Inc.,* 657 S.W.2d 279, 280 (Mo.App. E.D.1983). An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal. *Farinella,* 922 S.W.2d at 757–58.

Section 512.180.1 requires that the case be "tried without a jury before an associate circuit judge." In this case, Mr. Prosser is appealing from the associate circuit court's dismissal of his action with prejudice. In *Nicholson v. Nicholson,* 685 S.W.2d 588, 588–89 (Mo.App. E.D.1985), the Eastern District stated that "a dismissal with prejudice, assuming that all claims are adjudicated and all parties are accounted for, acts as a bar to any further litigation of the claims therein involved." The court concluded since a dismissal with prejudice "finally decides that litigation, it is clearly appealable." *Id.* at 589. In *McElroy v. Westin Hotel Co.,* 976 S.W.2d 41, 44 (Mo.App. W.D.1998)(citing *Tittsworth v. Chaffin,* 741 S.W.2d 314, 317 (Mo. App. S.D.1987)), this court cited case law in which a case is considered to have been "tried" if "there is a full disposition of issues in the case, whether disposed of on issues alleged in the pleadings or on the basis of preliminary motions." Furthermore, the *Tittsworth* court reasoned that if a case disposed of on some basis other than issues raised by the pleadings is not considered "tried" under section 512.180.1, then "a party would be remediless to correct an erroneous ruling on any motion which disposes of [an associate circuit court] proceeding." *Tittsworth,* 741 S.W.2d at 316.

▮ In the present case, Mr. Prosser's civil petition in the Associate Circuit Division of the Circuit Court seeking damages of $1,172 was dismissed with prejudice by the associate circuit court judge. The associate circuit court's dismissal with prejudice, which terminated Mr. Prosser's litigation, effectively "finally decided the litigation" and thus Mr. Prosser's case was "tried" pursuant to section 512.180.1. In addition, the associate circuit judge was not sitting in the probate division, nor was the judge assigned to hear the case on the record under procedures applicable before circuit judges. Accordingly, as Mr. Prosser's claim falls within section 512.180.1, his sole recourse was to file for a trial de novo in the circuit court; he cannot appeal to this court directly.

Appeal dismissed.

All concur.

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.