S & P PROPERTIES, INC., Respondent,

v.

Bonnie K. BANNISTER, Appellant.

No. ED 92090.

Missouri Court of Appeals, Eastern District, Division Two.

July 14, 2009.

Donald R. Carmody, Teresa D. Pupillo, Meghan M. Lamping, St. Louis, MO, for Appellant.

Jeffrey T. Weisman, Blake D. Hill, St. Louis, MO, for Respondent.

**OPINION**

GEORGE W. DRAPER III, Judge.

Bonnie Bannister (hereinafter, "Bannister") appeals the trial court's judgment granting S & P Properties, Inc.'s (hereinafter, "S & P Properties") motion for summary judgment on its unlawful detainer action. Bannister raises three points on appeal. The first two points address whether this Court has jurisdiction to hear Bannister's appeal. The third point alleges the trial court erred in granting S & P Properties' motion for summary judgment in that genuine issues of material fact exist that call into question whether Bannister was in wrongful possession of the property at issue. We dismiss the appeal for lack of a final, appealable judgment.

S & P Properties brought a one count petition for unlawful detainer against Bannister in the associate circuit division of the circuit court. The petition sought pos-session of property it purchased at a foreclosure sale on July 23, 2007. The petition also alleged S & P Properties had been damaged for loss of rental income in the amount of $4,500 per month. Further, S & P Properties sought damages for Bannister's willful and unlawful holdover of the property following the trustee's sale.

On March 7, 2008, the associate circuit judge granted summary judgment in S & P Properties' favor, finding it had an immediate right to possession of the property. In a subsequent judgment dated March 13, 2008, the associate circuit judge clarified its March 7, 2008 judgment. The judge stated the March 7th judgment did not resolve the issue of damages because Bannister requested a jury trial on that issue pursuant to Section 534.160 RSMo (2000).[1] The associate circuit judge then bifurcated the issue of possession and damages, finding the judgment with respect to possession was a "final and appealable order."

Bannister subsequently filed an application for a trial *de novo* pursuant to Section 512.180.1 in circuit court to preserve her right to appeal with respect to the issue of possession. At the trial *de novo*, the circuit court granted S & P Properties' motion for summary judgment on the issue of possession only, recognizing S & P Properties did not raise the issue of damages in its motion. The circuit court issued an order on October 1, 2008, certifying its judgment final for appeal pursuant to Rule 74.01(b).

Bannister filed her notice of appeal with this Court on October 8, 2008. Before Bannister filed her appellant's brief, this Court issued an order on December 29, 2008, questioning the propriety of the trial court's Rule 74.01(b) certification, as well

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

as the propriety of the trial *de novo*. This issue was ordered taken with the case.

Bannister filed her appellant's brief on January 20, 2009. Bannister alleged in her first two points on appeal the trial court erred in certifying the October order as final for purposes of appeal and in holding a trial *de novo* because the case failed to dispose of the issue of damages. Therefore, Bannister argued this Court lacked jurisdiction to hear the appeal.

On January 28, 2009, S & P Properties filed a motion to dismiss the appeal for lack of jurisdiction. S & P Properties alleged it was apprised of this Court's December 29th order and the allegations set forth in Bannister's appellant's brief with respect to the jurisdictional issues. S & P Properties stated it "does not dispute the concern of this Court expressed in its order . . . and [Bannister's] contention regarding appellate jurisdiction. . . ." The motion went on to state, "There is no controversy on this appeal regarding the lack of appellate jurisdiction. This appeal should be dismissed." This motion was taken with the case.

After moving to dismiss the case and conceding Bannister's position with respect to this Court's jurisdiction, S & P Properties filed its respondent's brief on March 5, 2009. In its brief, S & P Properties inexplicably argued jurisdiction is proper in direct contradiction, and without reference, discussion or withdrawal of its motion to dismiss the appeal filed on January 28, 2009.

■ It is well-settled that before this Court can review an issue on the merits, we first must determine our jurisdiction to do so. *City of Sunset Hills v. Wymer*, 262 S.W.3d 293, 295 (Mo.App. E.D.2008). Section 512.020(5) permits an aggrieved party to appeal from a final judgment. Thus, in order for this Court to have jurisdiction, there must be a final, appealable judg-

ment. *Acclaim Systems, Inc. v. Lohutko*, 247 S.W.3d 601, 603 (Mo.App. E.D.2008). Where there is no final, appealable judgment, this Court lacks jurisdiction to consider the appeal, and the appeal should be dismissed. *National Management Corp. v. Kaplan*, 271 S.W.3d 55 (Mo.App. E.D. 2008).

■ A final judgment disposes of all parties and all issues in the case and leaves nothing for future determination. *Masonic Temple Ass'n v. Compass Square and Star, Inc.*, 229 S.W.3d 134, 136 (Mo. App. E.D.2007). Rule 74.01(b), however, provides an exception to the finality rule, permitting a trial court to enter judgment on a single claim when multiple claims are asserted in a single case and certify its judgment as appealable upon an express determination there is "no just reason for delay." *Polk v. Essen*, 249 S.W.3d 914, 918 (Mo.App. E.D.2008). The purpose of this rule is "to avoid redundant review of multiple appeals based on the same underlying facts and similar legal issues." *Id.* at 918–19 (*quoting Committee for Educational Equality v. State*, 878 S.W.2d 446, 451 (Mo. banc 1994)).

■ As an initial matter, this Court is obligated to determine whether the circuit court properly certified its judgment for appeal under Rule 74.01(b). *Bannister v. Pulaski Financial Corp.*, 255 S.W.3d 538, 541 (Mo.App. E.D.2008). For Rule 74.01(b) certification to be proper, the trial court's judgment must, at a minimum, dispose of one claim as to one party. *Committee for Educational Equality*, 878 S.W.2d at 450–53. A trial court's certification of a single claim as final for appeal pursuant to Rule 74.01(b) is not conclusive. *Masonic Temple Ass'n*, 229 S.W.3d at 136. "It is the content, substance, and effect of the order that determines finality and ap-

pealability." *Id.*, *(quoting Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)).

■ A judgment resolving fewer than all legal issues as to one claim is not final despite the trial court's certification under Rule 74.01(b). *Committee for Educational Equality, supra.* If a complaint seeks to enforce only one legal right, then it states only a single claim, even if it seeks multiple remedies. *Id.* at 451. "[C]laims are separate if they require proof of different facts and application of distinguishable law, subject to the limitation that severing the claims does not violate the prohibition on splitting a cause of action." *Bannister*, 255 S.W.3d at 541. Here, by resolving the issue of possession alone under S & P Properties' unlawful detainer action and bifurcating the issue of damages to be determined by a jury at a later time, the trial court has not resolved one claim as to one party.

S & P Properties argues in its brief that damages are not an essential element in an unlawful detainer action and are not necessary to form a distinct judicial unit. S & P Properties fails to cite any authority to support this proposition other than to assert the special summary nature of unlawful detainer actions produces a "procedurally strange result," and since damages are "strictly mandated by statute," they are not an essential element of the claim. We disagree.

■ We acknowledge unlawful detainer proceedings are summary in nature. *Lake in the Woods Apartment v. Carson*, 651 S.W.2d 556, 558 (Mo.App. E.D.1983). "The [principal] issue in an unlawful detainer action is the immediate right of possession." *Moser v. Cline*, 214 S.W.3d 390, 393 (Mo.App. W.D.2007)(*quoting S.L. Motel Enterprises, Inc. v. East Ocean, Inc.*, 751 S.W.2d 114, 117 (Mo.App. E.D. 1988)). In this case, the issue of the immediate right of possession was resolved when the associate circuit court granted summary judgment in S & P Properties' favor. The remaining issue pending before the court below is damages.

■ S & P Properties' argument contradicts established precedent where Missouri courts have held damages are an essential element of a claim and must be resolved in order to a judgment to be considered final and appealable. *See Green v. Study*, 250 S.W.3d 799, 802 (Mo. App. S.D.2008); *Gordon v. Babcock*, 149 S.W.3d 546, 547 (Mo.App. E.D.2004); *Schulze v. Erickson*, 17 S.W.3d 588, 591 (Mo.App. W.D.2000); *Clay County ex rel. County Com'n of Clay County v. Harley and Susie Bogue, Inc.*, 988 S.W.2d 102, 109 (Mo.App. W.D.1999). Moreover, a judgment is not considered final pursuant to Rule 74.01(b) when it "fails to dispose of all remedies asserted as to the same legal rights, leaving some remedies open for future adjudication." *State ex rel. Bannister*, 265 S.W.3d at 285. Here, all remedies with respect to S & P Properties' unlawful detainer action have not been disposed of because S & P Properties requested both immediate possession of the property and damages. The remedy of damages has not been adjudicated because Bannister requested a jury trial on that issue, which the associate circuit court bifurcated from the issue of possession.

Since damages are an essential element of an unlawful detainer action and must be resolved in order to present a final, appealable judgment to this Court, we hold the associate circuit judge erred when it certified its March 7th order as a final and appealable judgment because it did not dispose of one judicial unit. Bannister's first point, arguing this appeal should be dismissed because the court erroneously certified the judgment final pursuant to

Rule 74.01(b) when it failed to dispose of the issue of damages, is granted.

Turning to the propriety of the trial de novo, Section 512.180.1, states, "Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge ... shall have the right of a trial de novo in all cases tried ... under the provisions of chapters 482, 534, and 535, RSMo." Within the context of Section 512.180, a case is "tried" when there is a full disposition of issues in the case, whether disposed of on issues alleged in the pleadings or on the basis of preliminary motions. *See, Prosser v. Derickson,* 1 S.W.3d 608, 609 (Mo.App. W.D.1999)(citing *Tittsworth v. Chaffin,* 741 S.W.2d 314, 316–17 (Mo.App. S.D.1987)). Here, there was no full disposition of the issues before the associate circuit judge. Therefore, the trial *de novo* was improper. Bannister's second point, alleging the trial *de novo* was improper, is also granted.

Based on the foregoing, we find this judgment was certified improperly for appeal because it did not dispose of one distinct judicial unit. Since this Court lacks jurisdiction to hear the appeal for lack of a final, appealable judgment, the motions taken with the case to dismiss the appeal are granted. We cannot reach Bannister's third point on appeal challenging the merits of whether S & P Properties established she was in wrongful possession of the property.

The appeal is dismissed.

ROY L. RICHTER, P.J. and
LAWRENCE E. MOONEY, J., concur.