**FANNIE MAE, Respondent,**

v.

**My Quang TRUONG, Appellant,**

**John Doe, Defendant.**

**No. SC 91880.**

Supreme Court of Missouri,
En Banc.

March 6, 2012.

Thomas C. Walsh, John J. Schoemehl, Louis F. Bonarcorsi, Bryan Cave LLP, St. Louis, for Fannie Mae.

Alicia A. Campbell, Campbell Law LLC, John Campbell, Erich Vieth, The Simon Law Firm, St. Louis, for My Quang Truong.

GEORGE W. DRAPER, III, Judge.

My Truong (hereinafter, "Truong") appeals the grant of summary judgment in favor of Fannie Mae on its unlawful detainer action. Truong raises five points on appeal. Truong's first three points challenge the constitutional validity of section 534.010, RSMo 2000,[1] on equal protection, substantive due process, and procedural due process grounds. Truong's remaining points attack inconsistencies among the statute, the rules of civil procedure, and case law. Truong's failure to apply for a trial de novo pursuant to section 512.180.1, prior to seeking relief in this Court, deprives this Court of the authority to adjudicate his claims. The appeal is dismissed for lack of appellate jurisdiction.

**Factual and Procedural History**

Truong purchased a home in Imperial, Missouri, in March 2006 and executed a deed of trust in connection with the purchase that was duly recorded. In early 2010, Truong encountered difficulty in paying his mortgage. Truong entered into a loan modification agreement with his lender in an effort to become current under his mortgage obligation. Truong left the United States to visit Vietnam in August 2010 and did not return until September 9, 2010. In his absence, he received several letters at his home. Two letters were dated August 4, 2010. One letter contained a permanent loan modification approval. The second letter contained a notice of default. A letter dated August 9, 2010, was a notice of foreclosure. A letter dated August 17, 2010, provided notice of a trustee's sale.

On September 10, 2010, one day after Truong returned home and received the letters, the trustee's sale took place. Fannie Mae was the successful purchaser of the property and obtained a trustee's deed for Truong's property. Despite the sale, Truong continued to maintain possession of his home.

On September 22, 2010, Fannie Mae filed its petition for unlawful detainer, asserting it had the legal right of possession to the property and that Truong unlawfully and wrongfully possessed the property. The petition alleged Fannie Mae had been damaged for lost rents and profits. Fannie Mae filed a motion for summary judgment against Truong, along with a statement of uncontroverted facts. Truong filed his answer, raised affirmative defenses and counterclaims, and requested a jury trial. Truong's answer included all of the constitutional and procedural claims he raises on appeal.

A hearing on the motion for summary judgment was held January 18, 2011. Prior to the hearing, Truong filed a motion in opposition to Fannie Mae's summary judgment motion, a statement of uncontroverted facts, and a response denying several of

---

1. All statutory references are to RSMo 2000 as updated by RSMo Supp.2010.

Fannie Mae's uncontroverted facts. Truong raised constitutional and procedural claims during the hearing and asserted he was the rightful owner of the property because he was current on his mortgage payments. Fannie Mae argued the injection of the facts concerning title and loan modification issues went beyond the scope of the unlawful detainer action and should not be considered.

The associate circuit judge was mindful of the statutory requirements for an unlawful detainer action but expressed concern about the fairness of the proceedings given the recent economic climate. The judge stayed the proceedings for thirty days so that Truong could file the appropriate action in circuit court challenging title to his home. When Truong's counsel indicated she was "not sure how this will work on appeal," the associate circuit court stated, "Well, like I said earlier, it's still an unlawful detainer [action]. And you don't have any appeal to the Court of Appeals. You've got a de novo right, and you're going to have to post a bond to keep possession." Truong did not file any action in civil court during the thirty day stay.

On February 28, 2011, the associate circuit judge granted Fannie Mae's motion for summary judgment, denied Truong's constitutional and procedural challenges, and awarded Fannie Mae $6,000 in damages. Fannie Mae obtained possession of Truong's home on March 31, 2011. Instead of applying for a trial de novo in the circuit court, Truong filed a notice of appeal with this Court. This appeal follows.

## Standard of Review

■ This Court is a court of limited appellate jurisdiction. Mo. Const. art. V, sec. 3; *Alumax Foils, Inc. v. City of St. Louis,* 939 S.W.2d 907, 910 (Mo. banc 1997). It is incumbent upon this Court to examine its jurisdiction *sua sponte. Spicer v. Donald N. Spicer Revocable Living Trust,* 336 S.W.3d 466, 468 (Mo. banc 2011). If this Court lacks jurisdiction to entertain an appeal, the appeal must be dismissed. *Lane v. Lensmeyer,* 158 S.W.3d 218, 222 (Mo. banc 2005).

## Discussion

■ Fannie Mae argues this Court should dismiss this appeal for two reasons. Since Fannie Mae's first argument is dispositive, the second ground for dismissal need not be addressed. Fannie Mae argues Truong's failure to apply for a trial de novo in the circuit court deprives this Court of the authority to hear his appeal directly.

■ In Missouri, the right to appeal is purely statutory, and "where a statute does not give a right to appeal, no right exists." *Farinella v. Croft,* 922 S.W.2d 755, 756 (Mo. banc 1996). After entry of judgment in an unlawful detainer action, section 534.380 provides, "Applications for trials de novo and appeals shall be allowed and conducted in the manner provided in chapter 512, RSMo." Section 512.180 governs the relief available to a party aggrieved by a judgment in a civil case tried before an associate circuit judge and provides two forms of relief. First, section 512.180.1 states, "Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge ... shall have the right of a trial de novo in all cases tried ... under the provisions of chapters 482, 534, and 535, RSMo." Second, section 512.180.2 provides, "In all other contested civil cases tried with or without a jury before an associate circuit judge ... any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court."

■ Truong believes this Court has original, exclusive appellate jurisdiction to adjudicate this issue because his appeal is a constitutional challenge to the validity of the unlawful detainer statutes. Undoubtedly, this Court has exclusive jurisdiction to determine the constitutional validity of a state statute pursuant to article V, section 3 of the Missouri Constitution. *Franklin County ex rel. Parks v. Franklin County Com'n,* 269 S.W.3d 26, 29 (Mo. banc 2008). However, "proper appeal from a judgment entered by an associate circuit judge rests on the facts and not on labels." *Farinella,* 922 S.W.2d at 757 (quoting *Federated Mortgage & Investment Co. v. Jones,* 850 S.W.2d 113, 115 (Mo.App. W.D.1993)). This Court must conduct a fact-specific inquiry to ascertain if the facts bring the case within section 512.180.1 or section 512.180.2. *Id.* Then it can be determined whether the case is properly before this Court.

■ The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to the intent if possible, and to consider the words in their plain and ordinary meaning. *Riverside–Quindaro Bend Levee Dist. v. Intercontinental Engineering Mfg. Corp.,* 121 S.W.3d 531, 533 (Mo. banc 2003). A plain reading of the express statutory language of section 512.180.1 requires the aggrieved party to apply for a trial de novo when there is a judgment entered in a civil case tried without a jury before an associate circuit judge under the provisions of chapters 482, 534, and 535, RSMo. It is undisputed Truong was aggrieved by the associate circuit division's judgment entered against him in Fannie Mae's unlawful detainer action, which is governed by chapter 534.

What is disputed is whether the unlawful detainer action was "tried" for purposes of section 512.180.1. Truong asserts the case was not "tried" because he requested a jury trial but did not receive one because the associate circuit judge entered summary judgment in Fannie Mae's favor. As a result, Truong believes the appropriate remedy was to file a direct appeal instead of an application for a trial de novo.

■ Within the context of section 512.180, a case is "tried" when there is a full disposition of issues in the case, whether disposed of on issues alleged in the pleadings or on the basis of preliminary motions. *See Prosser v. Derickson,* 1 S.W.3d 608, 609 (Mo.App. W.D.1999) (case dismissed with prejudice was "tried" and sole recourse was application for a trial de novo pursuant to section 512.180.1), and *Tittsworth v. Chaffin,* 741 S.W.2d 314, 316–17 (Mo.App. S.D.1987) (case was "tried" when dismissed for failure to prosecute and remedy was application for a trial de novo).

Here, the associate circuit judge granted Fannie Mae's motion for summary judgment, which fully disposed of the unlawful detainer action and denied Truong's constitutional and procedural claims. Thus, the case was "tried" without a jury for purposes of section 512.180. *Cf. S & P Properties, Inc. v. Bannister,* 292 S.W.3d 404, 409 (Mo.App. E.D.2009) (case not "tried" when summary judgment did not dispose of damages issue in unlawful detainer action). Therefore, applying the clear statutory language of section 512.180.1, Truong was required to apply for a trial de novo, not seek an appeal to this Court.

## Conclusion

■ We acknowledge Truong has been dispossessed of his home and firmly believes he can demonstrate his legal right to possession is superior to that of Fannie Mae. In light of this assertion, this Court laments the harshness of this result. Un-

lawful detainer proceedings are summary in nature and the ordinary rules and proceedings of other civil actions do not apply. *S & P Properties*, 292 S.W.3d at 408; *Lake in the Woods Apartment v. Carson*, 651 S.W.2d 556, 558 (Mo.App. E.D.1983). However, this Court is required to apply the clear statutory language of section 512.180.1 in determining what Truong's appropriate remedy was when seeking review of the associate circuit judge's judgment. Truong's failure to avail himself of the appropriate remedy is fatal to his appeal with this Court. "An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal." *Farinella*, 922 S.W.2d at 757–58. The appeal is dismissed.

RUSSELL, BRECKENRIDGE, FISCHER, STITH and PRICE, JJ., concur.

TEITELMAN, C.J., dissents in separate opinion filed.

RICHARD B. TEITELMAN, Chief Justice, dissenting.

I respectfully dissent. Section 512.180.1[1] provides that Truong "shall have a right of a trial de novo" to contest the unlawful detainer judgment. The statute grants a right; it does not compel the exercise of that right or expressly limit Truong's right to pursue the normal course of appellate review. In this case, Truong declined to exercise his right to a trial de novo and, instead, filed a notice of appeal with this Court raising substantial constitutional challenges to the unlawful detainer statute. The appeal was filed in time. Therefore, I would hold that this Court has jurisdiction to determine the merits of Truong's appeal.

The merits are compelling. Truong was evicted from his home even though he entered into a loan modification agreement, his payments were deducted automatically from his bank account, he received no actual notice of default, and he received no actual notice of the foreclosure sale. This is the natural and expected result of a process that specifically prohibits the unlawful detainer defendant from contesting the dispositive issue of title. While there is value in expediency, the greater value lies in the truth. As this case illustrates, the statutorily mandated rush to a judgment in unlawful detainer actions sacrifices the truth underlying the case.

There are at least two fundamental flaws in the judgment that warrant reversal. First, section 534.210 violates due process by providing that the "merits of the title shall in nowise be inquired into...." In other words, the unlawful detainer defendant is prohibited from disputing the dispositive issue of title. A basic precept of due process is that one should have a reasonable opportunity to be heard. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The opportunity to be heard presupposes a right to be heard on those matters necessary to defend the legal rights at issue. Section 534.210 plainly prohibits the unlawful detainer defendant from disputing the plaintiff's case or asserting his or her own proof of title, no matter how convincing and compelling that proof may be. For Truong or any other homeowner, this means that a bank or investor can evict an entire family from their home based on untested allegations. The homeowners can and will be heard; they just cannot say anything pertinent to the defense of their legal rights.

1. All statutory references are to RSMo 2000 as updated by RSMo Supp.2010.

Banks and investors, like the Federal National Mortgage Association in this case, argue that Truong and similarly situated homeowners can fully protect their rights by simply filing a separate action contesting the validity of the alleged title. Conspicuously absent from this argument is any recognition of reality. In reality, homeowners facing an unlawful detainer following foreclosure are highly unlikely to have the financial means to bear the legal costs of a separate action. There are the legal fees. There are the double damages owed to the plaintiff pursuant to section 534.330. There is the bond in an amount of the double damages and lost rents. Section 534.380. In short, there is no way that a financially distressed homeowner can bear the costs and delay of separately litigating an issue that should be the plaintiff's burden to prove fully in the first place. Even if a homeowner is successful in challenging the underlying foreclosure, it is too late. The home has been sold. The failure to recognize these basic facts prevents a realistic and accurate assessment of the processes employed in unlawful detainer actions.

Second, Truong was deprived of his constitutionally and statutorily guaranteed right to a trial by jury. Section 534.160 specifically requires that "[e]ither party shall have the right to a jury trial" so long as the request is timely. Despite Truong's request for a trial by jury, the court disposed of the case by a summary judgment. The unlawful detainer process is itself summary in nature. As this case illustrates, a summary judgment in an already summary procedure is apt to yield results largely divorced from the actual facts. The right to a trial by jury, or at the very least a full bench trial, appears to be the only mechanism by which a financially distressed homeowner, facing imminent eviction from his or her home, can be afforded any possibility of requiring the plaintiff to prove that the allegations are at least somewhat true.

I would hear the appeal on the merits and reverse the judgment.