

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

JEFFREY WUNDERLICH,      )
     )
     Respondent,      )
     )
v.      )
     )     **WD79467**
     )
SHARON WUNDERLICH,      )
     )     **OPINION FILED:**
     Respondent,      )     **December 13, 2016**
     )
     )
NATIONAL GENERAL INSURANCE      )
ONLINE, INC.,      )
     )
     Appellant/Proposed Intervenor.      )

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Marco A. Roldan, Judge**

**Before Division Two:** Lisa White Hardwick, Presiding Judge, and
Karen King Mitchell and Anthony Rex Gabbert, Judges

National General Insurance Online, Inc. (Insurer), appeals from the denial of its motion to intervene as a matter of right in an underlying personal injury lawsuit filed by Jeffrey Wunderlich (Husband) against Sharon Wunderlich (Wife). Insurer argues that the trial court erred in denying its motion to intervene because, as Wife's insurance carrier, Insurer had an absolute right to intervene to protect its interest when it offered to provide Wife a full defense without a reservation

of rights and pursuant to an excess protection letter (where Insurer agreed to fully indemnify Wife beyond her policy limits).  Due to the lack of a final, appealable judgment, we dismiss.

## Background[1]

On September 30, 2012, Husband and Wife were traveling in a 2008 BMW insured by Insurer.  At some point, Husband exited the vehicle and was walking along the road when Wife struck him with the vehicle, causing numerous serious injuries.

On January 6, 2015, Husband sent Insurer a settlement demand letter, seeking payment of the full policy limit of $250,000 for personal injuries.  Attached to the demand letter were police reports, medical reports, and medical bills totaling over $200,000.  The demand letter indicated that Husband would file a lawsuit if Insurer did not respond within thirty days.  Insurer did not respond.  Husband's counsel followed up with Insurer on February 6, 2015, and again received no response.

Wife then retained her own counsel who, on April 28, 2015, sent another demand letter to Insurer, expressing concerns that Wife's negligence "created a liability well in excess of her policy limits."  The demand letter urged Insurer to resolve the matter within the policy limits and not subject Wife to personal liability in excess of the policy limits.  Insurer did not respond.

On June 25, 2015, Wife's counsel sent Insurer a letter requesting the claim file related to the incident.  Insurer did not respond.  On July 1, 2015, Wife's counsel sent Insurer a second letter, advising Insurer that if it did not turn over Wife's underwriting and claim file within fourteen days, Wife would file a complaint with the Department of Insurance.  On July 28, 2015, having received no response from Insurer, Wife filed a complaint with the Department of Insurance.

---

[1] "In reviewing the trial court's denial of intervention as of right, 'we consider the facts in the light most favorable to the court's judgment.'"  *Kinney v. Schneider Nat'l Carriers, Inc.*, 200 S.W.3d 607, 610 (Mo. App. W.D. 2006) (quoting *In the Interest of M.B.*, 91 S.W.3d 122, 125 (Mo. App. E.D. 2002)).

That same day, Husband filed a petition against Wife, seeking damages resulting from Wife's negligence in striking him with the vehicle. Shortly thereafter, Insurer retained counsel to represent Wife in the pending lawsuit. On August 3, 2015, Insurer responded to Wife's counsel advising that it would provide the claim file for the incident and reminding Wife that, under the terms of the policy, she had a duty to cooperate. On August 5, 2015, Wife's counsel denied consent for Insurer's counsel to enter an appearance on Wife's behalf. Wife's counsel advised that she was exploring a settlement agreement with Husband under § 537.065.[2]

On September 2, 2015, counsel retained by Insurer for the purpose of defending Wife sent a letter to Wife's counsel expressing Insurer's willingness to "pay any final judgment entered on the allegations of the current Petition," regardless of policy limits and without any reservation of rights, if Wife would agree to fully cooperate with Insurer in defense of the lawsuit. The letter advised that, if Wife pursued a settlement agreement under § 537.065, Insurer would view her actions as a violation of the cooperation clause of her insurance contract and disclaim coverage for any resulting judgment. On October 18, 2015, Wife refused Insurer's offer of defense and sent Insurer a copy of the proposed § 537.065 settlement agreement. Wife's counsel urged Insurer to sign the settlement agreement, but Insurer refused.

On December 3, 2015, the court set the matter for a one-day bench trial on February 25, 2016. On January 7, 2016, Wife filed an answer admitting all allegations of wrongdoing, but claiming she was without sufficient information regarding the nature and extent of Husband's injuries and damages and intended to "require [Husband] to be put to his proofs." On February 12, 2016, Insurer filed a motion to intervene as a matter of right, arguing that Wife was in violation of the cooperation clause of the insurance contract by permitting the matter to proceed to an

---

[2] All statutory citations are to the Revised Statutes of Missouri 2000, as updated through the most recent Cumulative Supplement.

3

uncontested bench trial and judgment. After hearing arguments on the motion, the trial court refused to allow Insurer to intervene. The trial court initially denied Insurer's motion in an "order," but the court later denominated the ruling a "judgment" upon Insurer's request. Insurer filed a notice of appeal on March 2, 2016.

## Jurisdiction

Though neither party has challenged our jurisdiction, "before we can address the merits of an appeal, [we] ha[ve] a duty to determine *sua sponte* whether we have jurisdiction to review the appeal." *Boeving v. Kander*, 493 S.W.3d 865, 872 (Mo. App. W.D. 2016) (internal quotation omitted) (quoting *Capital Fin. Loans, LLC v. Read*, 476 S.W.3d 925, 927 (Mo. App. W.D. 2015)). "If this [c]ourt lacks jurisdiction to entertain an appeal, the appeal must be dismissed." *Id*. (quoting *Fannie Mae v. Truong*, 361 S.W.3d 400, 403 (Mo. banc 2012)).

"In Missouri, the right to appeal is purely statutory, and where a statute does not give a right to appeal, no right exists." *Id*. (quoting *Fannie Mae*, 361 S.W.3d at 403). "An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal." *Id*. (quoting *Fannie Mae*, 361 S.W.3d at 405).

On June 28, 2016, approximately three months after Insurer filed its notice of appeal in this court,[3] the Missouri Supreme Court handed down its decision in *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397 (Mo. banc 2016). In *ConocoPhillips*, a would-be intervenor waited to appeal an order denying his motion to intervene until the case reached a final judgment. *Id*. at 399. The respondents argued that the appeal should be dismissed because in appealing the final judgment rather than the interlocutory order denying intervention, the would-be intervenor appealed from the wrong judgment because he was not a "party" who was aggrieved by the final

---

[3] This was also ten days after Insurer filed its initial appellant's brief.

judgment, and the would-be intervenor failed to timely appeal the denial of intervention. *Id.* The Missouri Supreme Court rejected both arguments, noting that "none of th[e] provisions" of § 512.020, which grants an interlocutory right of appeal in certain situations, "applies to the order overruling [a] motion to intervene as a matter of right." *Id.* at 400. The Court therefore rejected the "assertion that [a would-be intervenor] [i]s entitled to an immediate appeal from that interlocutory order." *Id.* The Court held that, "[b]ecause [a would-be intervenor] has no statutory right to an immediate appeal of the interlocutory order overruling his motion to intervene as a matter of right, his only opportunity for appellate review of that decision is to appeal from the trial court's final judgment." *Id.* at 400-01.

Here, the judgment from which Insurer has appealed is not final insofar as it is a mere denial of a motion to intervene as a matter of right.[4] Accordingly, we dismiss this appeal.

### Conclusion

Insurer's appeal is dismissed due to the lack of a final appealable judgment.

_____
Karen King Mitchell, Judge

Lisa White Hardwick, Presiding Judge, and Anthony Rex Gabbert, Judge, concur.

---

[4] The court below initially denied Insurer's motion in an "order," but the court later included the ruling in a "judgment" upon Insurer's request. In doing so, the court cited Rule 74.01 and *State ex rel. Strohm v. Bd. of Zoning Adjustment of Kansas City*, 869 S.W.2d 302 (Mo. App. W.D. 1994). (All rule citations are to the Missouri Supreme Court Rules (2016).) *Strohm*, decided well before *ConocoPhillips*, held that would-be intervenors "had a right to appeal the denial of their motion to intervene," once the motion was denied. *Id.* at 303. In so holding, the court in *Strohm* cited *State ex rel. Reser v. Martin*, 576 S.W.2d 289, 291 (Mo. banc 1978), which was widely regarded as providing for an immediate right of appeal upon the denial of a motion to intervene as a matter of right. But the Missouri Supreme Court subsequently clarified that "*Reser* does not hold that a proposed intervenor has a right to an immediate appeal from an interlocutory order denying intervention." *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 400 (Mo. banc 2016). Rather, a would-be intervenor's "only opportunity for appellate review of that decision is to appeal from the trial court's final judgment." *Id.* at 401.

We note that in *ConocoPhillips* the denial of the motion to intervene was done by an "interlocutory order." Rule 74.01(b) grants a trial court the authority to certify an interlocutory ruling as appealable. However, it may do so only if certain requirements are met, including "an express determination that there is no just reason for delay." Rule 74.01(b). There is no such determination in the judgment before us; thus, we do not decide whether a judgment properly entered under Rule 74.01(b) might constitute an exception to the holding of *ConocoPhillips*.