**Arvin WALKER, Respondent,**

v.

**Lenora BROWNEL, et al., Appellants.**

### No. ED 97663.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 28, 2012.

Elbert A. Walton, Jr., St. Louis, MO, for appellant.

Jeffrey T. Weisman, Maryland Heights, MO, for respondent.

ROY L. RICHTER, Judge.

Danny Brownel ("Appellant") appeals the trial court's grant of summary judgment in favor of Arvin Walker ("Respondent") on his unlawful detainer action. Appellant raises four points on appeal. However, Appellant's failure to apply for a trial de novo pursuant to Section 512.180.1,[1] prior to seeking relief in this Court, deprives this Court of the authority to adjudicate his claims. Appellant's claims are dismissed for lack of appellate jurisdiction.

## I. BACKGROUND

On May 24, 2011, Respondent filed an Unlawful Detainer Petition in the Circuit of the City of St. Louis, seeking to both evict John Doe and Ms. Lenora Brownel ("Ms. Brownel") from the property at 1430 Burd Avenue and obtain double rents in damages. The case was assigned to an associate circuit judge.

Appellant filed a Motion to Quash Service on the grounds that Ms. Brownel was deceased and the service of process was invalid because the woman who was served at the residence, Ms. Gavona Phillips ("Ms. Phillips"), did not actually reside at 1430 Burd Avenue. The trial court held a hearing on the Motion to Quash Service and heard testimony from the process server regarding the circumstances of service. The process server recalled physical details of Ms. Phillips, portions of his conversation with her at the time of service, and his recollection that Ms. Phillips was over 15 years of age at the time of service and that Ms. Phillips had indeed indicated she resided on the premises. The process server's Affidavit of Service was also introduced which provided a contemporaneous account of the aforementioned information. Appellant declined to cross-examine the

process server or offer any evidence beyond an affidavit by Ms. Phillips, declaring she never resided at 1430 Burd Avenue. The trial court subsequently held that the service of process was valid and denied Appellant's Motion to Quash Service.

On August 8, 2011, Appellant filed a Suggestion of Death on behalf of Ms. Brownel; wherein Appellant included an affidavit stating Ms. Brownel had been deceased since March 10, 2008. Respondent then filed a Motion for Summary Judgment against both Appellant and Ms. Brownel, while Appellant and Francel Brownel filed a Motion to Intervene and File a Separate Answer. Plaintiff voluntarily dismissed Ms. Brownel from the lawsuit and a hearing was held on the remaining issues on October 7, 2011.

The trial court entered its Order and Judgment on October 12, 2011, holding: (1) service of process was not an issue; (2) Appellant was the unnamed John Doe and this had been readily apparent to Appellant for several weeks prior to the hearing date; (3) Appellant's subsequent Motion to Intervene and File a Separate Answer was denied because Appellant was already a party to the lawsuit as the unnamed John Doe; (4) Francel Brownel's interests were identical to Appellant's and thus, pursuant to Rule 52.12, her Motion to Intervene and File a Separate Answer was denied because her interests were adequately represented by Appellant; and (5) on the issue of possession only, Summary Judgment was granted for Respondent and against Appellant due to Appellant's failure to file a timely response to Respondent's Motion for Summary Judgment

On November 28, 2011, the trial court dismissed with prejudice Respondent's claim against Appellant for double rents

---

1. All statutory references are to RSMo Cum. Supp.2010.

after Respondent failed to appear for trial on that issue. This appeal follows.

## II. DISCUSSION

As a threshold matter, Respondent argues this Court should dismiss this appeal for two reasons: (1) because this Court lacks jurisdiction to hear a direct appeal from an associate circuit judge in an unlawful detainer action; and (2) because Appellant failed to provide the legal file as required by Rule 81.12.[2] Because Respondent's first argument is dispositive, we need not address Respondent's second suggested ground for dismissal or Appellant's allegations of error.

### Standard of Review

■ This Court has a duty to examine its jurisdiction *sua sponte*. *St. Louis County v. Hooper*, 84 S.W.3d 492, 493 (Mo. App. E.D.2002). If this Court lacks jurisdiction to entertain an appeal, the appeal must be dismissed. *Id.*

### Analysis

■ "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Farinella v. Croft*, 922 S.W.2d 755, 756 (Mo. banc 1996) (quoting *Christman v. Richardson*, 818 S.W.2d 307 (Mo.App. E.D.1991)). Following the entry of judgment in an unlawful detainer action, Section 534.380 provides, "Applications for trials de novo and appeals shall be allowed and conducted in the manner provided in chapter 512, RSMo." Within chapter 512, Section 512.180 controls appeals from civil cases tried before an associate circuit judge and, depending upon the action of the underlying case, the statute sets out the aggrieved party's avenues of redress. *Fannie Mae v. Truong*, 361 S.W.3d 400, 404 (Mo. banc

2012). First, under Section 512.180.1, "Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge ... shall have the right of a trial de novo in all cases tried ... under the provisions of chapters 482, 534, and 535, RSMo." Second, Section 512.180.2 provides, "In all other contested civil cases tried with or without a jury before an associate circuit judge ... any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court."

■ In this case, judgment was entered on Respondent's unlawful detainer action—an action brought under chapter 534—after it was tried before an associate circuit judge. Moreover, the fact that this action was disposed of on a summary judgment motion does not mean the case was not "tried." To the contrary, as long as there is "full disposition of issues in the case, whether disposed of on issues alleged in the pleadings or on the basis of preliminary motions," the case has been "tried" in the context of Section 512.180. *Fannie Mae*, 361 S.W.3d at 404 (citing *Prosser v. Derickson*, 1 S.W.3d 608, 609 (Mo.App. W.D.1999)). Here, the associate circuit judge fully disposed of all claims. Thus, the case was "tried" without a jury and Section 512.180.1 controls.

Earlier this year, in a very similar case, the Missouri Supreme Court interpreted Section 512.180.1 as *requiring* "the aggrieved party to apply for a trial de novo when there is a judgment entered in a civil case tried without a jury before an associate circuit judge under the provisions of chapters 482, 534, and 535, RSMo." *Fannie Mae*, 361 S.W.3d at 404 (emphasis added). Accordingly, pursuant to Section 512.180, Appellant was required to apply

---

**2.** All rule references are to the Missouri Supreme Court Rules 2010.

for a trial de novo, rather than seek an appeal to this Court. Appellant made no such application for a trial de novo. Therefore, the appeal must be dismissed.

### III. CONCLUSION

The appeal is dismissed.

ROBERT G. DOWD, JR., GLENN A. NORTON, JJ., Concur.