

# In the Missouri Court of Appeals
# Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| KEITH REYNOLDS, | ) | No. ED108174 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | Cause No. 1911-AC04226 |
| | ) | |
| KEITH ROBBEN AND DAVID KULLBERG, | ) | Honorable Matthew E. P. Thornhill |
| | ) | |
| Appellants. | ) | Filed: November 19, 2019 |

## OPINION

Keith Robben and David Kullberg (collectively, "Appellants") appeal the judgment entered by the associate civil division of the Circuit Court of St. Charles County on Keith Reynolds's ("Respondent") landlord-tenant action against Appellants. However, we find that we must dismiss the appeal because we lack jurisdiction to consider it, pursuant to § 512.180.[1] There have been three different versions of § 512.180.1 effective since 2014; the resulting confusion as to what procedural remedies are available to aggrieved parties under the current version of § 512.180 has been so significant that clarification regarding those procedural remedies is necessary.

---

[1] All references are to Mo. Rev. Stat. Cum. Supp. 2019, unless otherwise stated.

## I.        Factual and Procedural Background

On June 20, 2019, Respondent filed his landlord-tenant action against Appellants before an associate circuit judge of the Circuit Court of St. Charles County. Respondent asserted that Appellants had failed to pay rent, utilities, and expenses for the property that Appellants leased from Respondent, and that Respondent was entitled to possession of the property. The record before us does not reflect that the associate circuit judge who heard the case was sitting in the probate division or had been assigned to hear the case on the record under procedures applicable before circuit judges. On July 29, 2019, the associate circuit judge held a hearing on the case where evidence was presented. That same day, the associate circuit judge entered judgment in favor of Respondent, awarding Respondent possession of the property at issue and damages for unpaid rent and utilities, plus costs. Appellants thereafter filed their notice of appeal. This Court issued an order directing Appellants to show cause why the appeal should not be dismissed for lack of authority. Appellants subsequently filed their answer.

## II.        Discussion

We are obligated to examine, *sua sponte*, whether we have jurisdiction to consider an appeal. *Walker v. Brownel,* 375 S.W.3d 259, 260–61 (Mo. App. E.D. 2012); *Mo. Bond Co. LLC v. Devore,* 580 S.W.3d 653, 656 (Mo. App. E.D. 2019). If we lack jurisdiction to entertain an appeal, we must dismiss it. *Walker,* 375 S.W.3d at 261; *Edwards v. Zweifel,* 498 S.W.3d 860, 861 (Mo. App. E.D. 2016).

*Procedural Remedies for Chapter 535 Landlord-Tenant Actions under § 512.180*

In this case, Respondent filed his "Notice to Quit," seeking possession of the premises and unpaid rent from Appellants. Chapter 535 of the Missouri Revised Statutes (entitled "Landlord-Tenant Actions") prescribes the procedures for such a rent-and-possession action.

Section 535.110 states that "[a]pplications for trials de novo and appeals shall be allowed and conducted in the manner provided in chapter 512…." Section 512.180 (entitled "Appeals from cases tried before associate circuit judge") establishes the procedural remedies for aggrieved parties in actions tried before an associate circuit judge. The original language of § 512.180.1 (effective until August 27, 2014) stated:

> Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases tried before municipal court or under the provisions of chapters 482, 534, and 535.[2]

Thus, under the original version of the section, the procedural remedy for aggrieved parties in actions tried without a jury before an associate circuit judge that were tried before municipal court or under Chapters 482 (entitled "Small Claims Courts"), 534 (entitled "Forceful Entry and Unlawful Detainer"), or 535 was trial *de novo*. *See Fannie Mae v. Truong,* 361 S.W.3d 400, 405 (Mo. banc 2012) (applying the then-applicable version of § 512.180.1 and dismissing the appeal of a Chapter 534 unlawful detainer action that was tried without a jury before an associate circuit judge, reasoning that § 512.180.1 required the appellant to instead apply for trial *de novo*). Section 512.180.2, which has not been amended since the section's enactment, instructs that:

> In all other contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges or in any misdemeanor case or county ordinance violation case a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court….

Therefore, under all versions of § 512.180, the procedural remedy for all other contested civil cases tried before an associate circuit judge not expressly included in § 512.180.1 was and is direct appeal to the appropriate appellate court, pursuant to § 512.180.2.

---

[2] Section 512.180.1, Mo. Rev. Stat. Cum. Supp. 2014.

3

Section 512.180.1 was amended (with the changes in effect from August 28, 2014 to August 27, 2018) by the Missouri legislature so as to omit express reference to Chapters 534 and 535.[3] The result of this amendment was that the procedural remedy for actions under Chapters 534 and 535 tried before an associate circuit judge was changed to direct appeal to the appropriate appellate court, as cases under those chapters fell within § 512.180.2 during that applicable time period.

The Missouri legislature amended § 512.180.1 yet again (effective beginning August 28, 2018) to read:

> Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases tried before municipal court or under the provisions of chapter 482 or 535.

Under this current version of § 512.180.1, which was in effect when Respondent filed his landlord-tenant action,[4] aggrieved parties in civil cases tried without a jury before an associate circuit judge have the right to trial *de novo* in all cases tried before municipal court or under Chapters 482 or 535.[5]

Thus, as Respondent filed his action when the current version of § 512.180.1 was in effect, the correct procedural remedy for Appellants was trial *de novo*, and not direct appeal (as sought by Appellants in this case). "The right to appeal is purely statutory; where a statute provides no right of appeal, none exists." *K.O. Real Estate, LLC v. O'Toole,* 291 S.W.3d 780, 787 (Mo. App. E.D. 2009); *see also Walker,* 375 S.W.3d at 261. Because the current version of

---

[3] Section 512.180.1, Mo. Rev. Stat. Cum. Supp. 2018.

[4] Respondent filed his "Notice to Quit" on June 20, 2019, and the hearing on the action was held on July 29, 2019.

[5] Because the current version of § 512.180.1 (effective August 28, 2018) does not expressly reference Chapter 534 ("Forceful Entry and Unlawful Detainer"), the procedural remedy for aggrieved parties in actions under that chapter tried before an associate circuit judge remains direct appeal to the appropriate appellate court, pursuant to § 512.180.2.

4

§ 512.180.1 states that trial *de novo* is the correct procedural remedy in Chapter 535 landlord-tenant actions that are tried without a jury before an associate circuit judge, such as the case at bar, Appellants have no statutorily-granted right of appeal. *See K.O. Real Estate, LLC,* 291 S.W.3d at 787; *Walker,* 375 S.W.3d at 261. "An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal." *Fannie Mae,* 361 S.W.3d at 405 (citing *Farinella v. Croft,* 922 S.W.2d 755, 757 (Mo. banc 1996)). We are therefore obligated to dismiss the appeal here, as we lack appellate jurisdiction and have authority only to dismiss the appeal. *See id.* at 404–05; *Walker,* 375 S.W.3d at 261–62.

### III.     Conclusion

Because Appellants have no statutorily-granted right of appeal in this case, we lack jurisdiction to consider the appeal. The appeal is dismissed.

_____
Colleen Dolan, Chief Judge

Roy L. Richter, J., concurs.
Philip M. Hess, J., concurs.

5