

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION THREE</u>

| | | |
|---|---|---|
| JIM NEEDY, | ) | No. ED108040 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Warren County |
| | ) | Circuit Court |
| vs. | ) | |
| | ) | |
| JOHN HAMMOND, | ) | Honorable Richard L. Scheibe |
| | ) | |
| Defendant/Appellant. | ) | Filed: May 12, 2020 |

<u>Introduction</u>

John Hammond (Appellant) appeals from the trial court's denial of his Motion to Set Aside Default Judgment filed pursuant to Rule 75.01. However, Appellant's failure to apply for a trial de novo pursuant to Section 512.180.1[1] prior to seeking relief on appeal deprives this Court of the authority to adjudicate his claim. Accordingly, we must dismiss the appeal.

<u>Factual and Procedural Background</u>

On May 13, 2019, Jim Needy (Respondent) filed a Petition for Rent and Possession against Appellant. Respondent asserted Appellant failed to pay rent for the property Appellant leased from Respondent, and Respondent was entitled to possession of the property. A hearing was scheduled for June 5, 2019, before the Honorable Richard Scheibe (Judge Scheibe), an

---

[1] All statutory references are to RSMo (2019) unless otherwise indicated.

associate circuit judge for the Warren County Circuit Court.  Appellant was served with a court summons on May 18, 2019.

Despite being served with a summons, Appellant failed to appear at the scheduled hearing.  The cause was heard and evidence adduced.  Judge Scheibe issued a default judgment ordering Appellant to pay Respondent $3,900 in past due rent and to return possession of the property to Respondent.

On June 14, 2019, Appellant's counsel (counsel) entered his appearance on Appellant's behalf and filed two motions – a Motion to Stay Eviction and a Motion to Set Aside Dismissal.  On June 17, 2019, counsel filed a new motion identical to the Motion to Set Aside Dismissal titled Motion to Set Aside Default Judgment (Motion to Set Aside).  This Motion to Set Aside was filed pursuant to Rule 75.01.[2]

A hearing was held on Appellant's Motion to Set Aside on July 3, 2019.  Following the hearing, Judge Scheibe's denial of the motion was docketed on Case.net.  Appellant filed a notice of appeal on July 10, 2019.  Respondent filed a motion to dismiss the appeal (Motion to Dismiss).  This Court issued an order directing Appellant to show cause why the appeal should not be dismissed for lack of authority.  Appellant subsequently filed his answer, and the jurisdictional issue and Respondent's Motion to Dismiss were ordered taken with the case.

Discussion

"We are obligated to examine, *sua sponte*, whether we have jurisdiction to consider an appeal."  Reynolds v. Robben, 589 S.W.3d 676, 677 (Mo. App. E.D. 2019), citing Walker v. Brownel, 375 S.W.3d 259, 260-61 (Mo. App. E.D. 2012).  "If this Court lacks jurisdiction to

---

[2] All rule references are to Mo. R. Civ. P. (2019) unless otherwise indicated.

entertain an appeal, the appeal must be dismissed." Fannie Mae v. Truong, 361 S.W.3d 400, 403 (Mo. banc 2012).

"In Missouri, the right to appeal is purely statutory, and 'where a statute does not give a right to appeal, no right exists.'" Id., quoting Farinella v. Croft, 922 S.W.2d. 755, 756 (Mo. banc 1996). Following the entry of judgment in a landlord-tenant action, Section 535.110 provides, "Applications for trials de novo and appeals shall be allowed and conducted in the manner provided in chapter 512[.]" The applicable section in chapter 512, Section 512.180, provides the procedures for appeals from cases tried before an associate circuit judge. Section 512.180.1 states:

> Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases tried before municipal court or under the provisions of chapter 482 or 535.

Additionally, a person aggrieved by a judgment in a landlord-tenant action has the right to a trial de novo following a default judgment by an associate circuit judge; that right is not conditioned on whether the individual filed a motion to set aside the default judgment. See Killeron v. Am. Bankers Ins. Co. of Fla., 733 S.W.2d 442, 443–44 (Mo. banc 1987) (motion to set aside default judgment not a necessary prerequisite when trial de novo is allowed from default judgment under Section 512.180.1).

Appellant sought relief from a judgment entered by an associate circuit judge, bringing him under the ambit of Section 512.180.1. Appellant's remedy, as a person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, was the right to a trial de novo.

3

Appellant argues Section 512.180.1 is inapplicable because his claim was not tried, and alternatively, if the Section applies, it merely *allows* applications for trials de novo for cases tried before an associate circuit judge. This Court previously addressed similar arguments in Walker v. Brownel, 375 S.W.3d 259 (Mo. App. E.D. 2012). There, summary judgment was entered in an unlawful detainer action, and the aggrieved party appealed. Id. at 261. This Court stated "as long as there is 'full disposition of issues in the case, whether disposed of on issues alleged in the pleadings or on the basis of preliminary motions,' the case has been 'tried' in the context of Section 512.180." Id., quoting Fannie Mae, 361 S.W.3d at 404. "[P]ursuant to Section 512.180, Appellant was required to apply for a trial de novo, rather than seek an appeal to this Court." Id. As a result of the failure to apply for a trial de novo, the appeal was dismissed. Id.

As in Walker, here Appellant's remedy was a trial de novo. Had Appellant requested a trial de novo, he would have had the ability to present evidence and create a record. If further aggrieved by that outcome, he may have filed an appeal with this Court and we would have had a record to review. However, Appellant's failure to apply for a trial de novo pursuant to Section 512.180.1 prior to seeking relief on appeal deprives this Court of the authority to, and an evidentiary record with which we could, review and adjudicate his claim. Accordingly, this appeal must be dismissed.

Conclusion

Appeal dismissed.[3]

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, J.

Mary K. Hoff, P.J., and
Angela T. Quigless, J., concur.

---

[3] Respondent's Motion to Dismiss is granted in part; Respondent's request for attorney's fees and costs is denied.

4